## McKittrick v. Pardee.

1. When the elector makes a mark or cross in the circle at the head of the party ticket, and erases no name thereon, the vote must be counted for the entire party ticket. Vallier v. Brakke, 7 S. D. 343, 64 N. W. 180, followed.

2. A cross made at the head of a party ticket, but not in the circle "printed for that purpose," is a nullity, and the vote cannot be counted for candidates upon that ticket not otherwise marked as prescribed by law. Vallier v. Brakke, 7 S. D. 343, 64 N. W. 180, followed.

3. When a cross is made in the circle at the head of a party ticket, and no name thereon erased, crosses at the left of the names of candidates thereon are without effect, and should be disregarded.

4. The law confers no authority upon an elector to write the name printed upon one party ticket upon another party ticket.

5. Crosses in the circle at the head of two or more party tickets neutralize each other as indicating the intent of the elector to vote either of the party tickets.

6. An elector who erases the names of all the candidates on all the party tickets except one does not thereby vote the ticket on which the names are not erased, unless he makes a cross in the circle at the head of such party ticket, or makes a cross at the left of the names of the candidates for whom he desires to vote upon such ticket.

7. When there is no cross made in the circle at the head of any party ticket, no erasures are necessary. The elector may designate the candidate for whom he desires to vote by making a cross to the left of the name of such candidate.

8. A cross to the right of a candidate's name is a nullity, and should be disregarded.

(Syllabus by the Court. Opinion filed Nov. 19, 1895.)

Appeal from circuit court, Brule county. Hon. D. Haney, Judge.

Election contest between William H. McKittrick and O. A. Pardee. Judgment for plaintiff, and defendant appeals. Reversed.

The facts are stated in the opinion.

*John H. King* and *John D. Rivers,* for appellant.

*Edwin Greene* and *S. H. Wright,* for respondent.

CORSON, P. J. This was an election contest proceeding. Decision in favor of plaintiff, and defendant appeals. Before proceeding to consider the case on its merits, it will be necessary to dispose of a prelimary motion to dismiss the appeal, made by respondent. The motion is made upon the following grounds: "(1) That said appeal had never been perfected by the service of an undertaking; (2) that it does not appear what judgment, or that any judgment, was rendered in said cause, from which an appeal could be taken; (3) that the notice of intention to move for a new trial was not served within the time required by law; (4) that appellant has served no brief as required by the rules of court and by the order of court of August 15, 1895; (5) that appellant's abstract is not accompanied by an index of its contents." By the original abstract, additional abstract by respondent, and the original records, which, by reason of the conflict in the abstracts, we are required to examine, it appears that the notice of appeal was duly served upon the attorneys for respondent, and that the undertaking on appeal was served upon the respondent personally, but not upon the attorneys for the respondent. It further appears that the notice of appeal was duly served on the clerk of the court, and that the notice of appeal and undertaking were filed with the clerk on the same day. It will thus be seen that the notice of appeal was properly served on the attorneys and upon the clerk, and duly filed, and that the undertaking was served upon respondent, and filed with notice of appeal with the clerk. The question, therefore, presented is, did the failure to serve the undertaking on the attorneys prevent this court acquiring jurisdiction of the appeal?

Section 5215, Comp. Laws, provides that "an appeal must be taken by serving a notice * * * upon the adverse party and on the clerk of the court. * * * The appeal shall be deemed taken, by the service of the notice of appeal and perfected on service of the undertaking." Sec. 5336 provides that, "where a party shall have an attorney in the action, the service of

papers shall be made upon the attorney instead of the party." And Sec. 5231 provides: "The original [undertaking] must be filed with the notice of the appeal and a copy * * * must be served with the notice of appeal." Construing these three sections together, it would seem that when the adverse party has an attorney of record, the notice of appeal and undertaking should be served upon such attorney. Such seems to have been the view taken by the supreme court of California under quite similar provisions of the Code of that state. Abrahms v. Stokes, 39 Cal. 150. Had service of the notice of appeal in this case been made upon the respondent only, a serious question would be presented. But as the service of the notice of appeal was properly made upon the attorneys of record, and an undertaking was in fact filed with the notice of appeal, we think the service of the undertaking upon the respondent did not render the undertaking invalid, or release the sureties thereon. It was at most an irregularity that did not affect the jurisdiction of this court over the appeal. But, if we are not correct in this conclusion, we think the general appearance of the respondent in this court, and filing an additional abstract, etc., was in effect a waiver of any defect in the service of the undertaking.

The second ground of the motion is that it does not appear from the abstract that any judgment was ever entered in the action. It is true that the abstract omits to state in terms that a judgment was entered. But respondent, in his additional abstract, does not assert that no judgment was, in fact, entered before the appeal was taken; and he relies entirely upon the omission of the proper statement in the abstract on the part of the appellant. While it is essential that it should affirmatively appear in the appellant's abstract that a judgment claimed to have been appealed from was duly entered prior to the taking of the appeal, in order that it may affirmatively appear from the abstract that this court has jurisdiction of the appeal, yet, when the judgment has in fact been entered, but the statement of the fact is omitted in the abstract, an appellant will ordinarily

be allowed to amend his abstract on such terms as may be imposed, by making the proper statement in the abstract by an amendment thereto. In the case at bar the appellant, on the hearing, moved for leave to amend the abstract by supplying the omission. This motion is granted; but for the purposes of an early decision, that seems to be required in election contest cases, we shall assume that the amendment has been made as required by the rules of this court. The proposed amendment must, however, be formally make in the abstract before the record leaves this court, by inserting the omitted statement.

The third ground of the motion is that notice of intention to move for a new trial was not served within the time prescribed by the statute. The respondent asserts in his additional abstract that a notice was served on January 10, 1895. That on January 18th appellant withdrew the original notice, and served an admended and substituted notice. Assuming that the notice of intention was not served in time, this fact would not constitute good ground for dismissing the appeal. An appeal may be taken from the judgment on the judgment roll alone. The failure, however, to serve the notice of intention within the time, might preclude this court from reviewing any question of the sufficiency of the evidence to sustain the decision of the court, which can only be reviewed after a motion for a new trial has been made and determined. In this case, however, it appears from the abstracts that a motion was made by the respondent in the court below to strike from the files the appellant's amended and substituted notice of intention, on the ground that it was served too late. That court denied the motion, and granted the appellant further time in which to move for a new trial. This, in effect, was an extension of time, or the fixing of a new time, under Sec. 5093, Comp. Laws, which confers upon the trial court the power to grant such extension or fix another time, upon good cause shown. This court, in the absence of any showing to the contrary, will presume good cause shown. Johnson v. Railroad Co. (N. D.) 48 N. W. 227.

The fourth and fifth grounds relied on for a dismissal of the appeal are not, under the circumstances disclosed in this case, such as to require this court to exercise its power of dismissal. While the court and counsel should ordinarily insist that the rules of this court be observed by appellants, and the penalties for their nonobservance be enforced, there are exceptional cases, and this seems to be one of them. We might now require the omitted acts to be done upon terms, but, as respondent would receive no substantial benefit from their performance, and no serious inconvenience has resulted to the respondent by reason of the omitted acts, no order to that effect will be made.

The appellants's assignment of errors is so full and specific as to virtually take the place of a brief, and we are satisfied that respondent's counsel has suffered no prejudice by reason of the omission to serve one. And while counsel and the court have suffered some inconvenience by reason of the omission to annex an index to the abstract, its annexation now would serve no useful purpose. Contest proceedings are to some extent summary, and the court, for cause shown, granted the appellant permission to serve and file a typewritten abstract in this case. Such and abstract is always inconvenient, and imposes great labor and burdens upon the court and counsel, and results in more or less irregularties in the proceedings, as is well illustrated by this case. The motion to dismiss the appeal is denied.

This brings us to a consideration of the merits of the case. The appellant and respondent were rival candidates for the office of the clerk of courts for Brule county; the appellant being the party candidate on the Republican ticket, and the respondent being the party candidate on the Democratic ticket. The board of canvassers found that the appellant had received 606 votes and the respondent 657 votes, thus giving to the appellant a majority of 3; and he was declared elected. Thereupon the respondent instituted this contest, claiming that the county canvassing board had made an erroneous canvass. On the trial the court below found in favor of the respondent, having con-

cluded from the re-examination of the ballots that he received 3 majority. A full description of the markings on the ballots is contained in the bill of exceptions, and this court is therefore enabled to review the decision of the court below upon the effect to be given to these markings so found upon the ballots. Many of the questions presented by the record in this case were fully discussed and decided by this court in the recent cases of Vallier v. Brakke (S. D.) 64 N, W. 180; Parmley v. Healy, *Id.* 186; Le Claire v. Wells, *Id.* 519; and a further discussion of the points therein decided will not be necessary. The first disputed ballot was marked by a cross in the circle at the head of the Republican ticket. The name of the appellant was not erased, but a cross was made to the right of respondent's name. This vote was not counted for either party. This was error. It should have been counted for appellant. See cases cited. On another ballot a cross appeared at the Democratic ticket, but not in the circle "printed for that purpose." Respondent's name was not erased, and no cross appeared at the left of appellant's name. This vote was counted for respondent. This was error, as a cross at the head of a party ticket is not effectual for any purpose unless made in the circle "printed for that purpose." A cross made in the circle at the head of a party ticket is by law declared to be a vote for all the candidates on that ticket whose names are not erased. But no such effect is given to a cross, though at the head of the ticket, unless made in the circle. It appears from another ballot that there was a cross in the circle at the head of the Republican ticket, also a cross at the left of the name of each candidate on the Republican ticket except the name of appellant, and a cross to the left of the name of respondent. This vote was counted for the respondent. This was error. When the ballot was marked with a cross in the circle at the head of the Republican ticket, and appellant's name was not erased, the law declares the effect of such marking, and the other crosses were nullities, and should have been disregarded. On another ballot no cross appeared

to have been made in the circle at the head of any party ticket. There were crosses to the left of the names of candidates on the Prohibition ticket, and under the words "Clerk of Court" on that ticket the name of the respondent was written in. This vote was counted for respondent. This was error. The law gives the voter no authority to write the name of a candidate printed on one. party ticket upon another party ticket. The law specifically prescribes the manner by which a party may indicate his vote for a candidate upon any ticket, namely, by putting a "cross to the left of the name of any candidate for whom he desires to vote." Another ballot appeared to be marked with a cross at the head of the Republican ticket (but whether in the circle or not does not appear from the abstract). There was a cross to the left of respondent's name. This was not counted for either party. If the cross at the head of the ticket was in the circle, the vote should have been counted for the appellant; if not, then for the respondent, as the cross, if made outside the circle, was a nullity, and was not effective for any purpose. The cross to the left of respondent's name constituted a vote for him in such case. There were four ballots on which appeared a cross in the circle at the head of the Democratic ticket. Respondent's name was not erased, but there was a cross at the left of appellant's name on the Republican ticket. These votes were not counted for either party. Appellant insists that they should have been counted for him by reason of the cross at the left of his name, but this contention is not tenable. These votes should have been counted for respondent, as the cross in the circle at the head of his party ticket is declared by law to be a vote for him, unless his name is erased. His name was not erased, and the cross to the left of appellant's name was of no effect for any purpose. On another ballot there appeared a cross in the circle at the head of both the Democratic and People's party tickets. No other marks appeared upon the ticket. This vote was counted for respondent. This was error. The ballot was a nullity, and should

have been disregarded. Another ballot had no cross in the circle at the head of any party ticket, but a cross was made to the right of the names of a number of candidates, including that of respondent. This vote was counted for respondent. This was error. The voter is only authorized to indicate his choice by a cross to the left of a candidate's name. A cross to the right of a name is a nullity, and should be disregarded. It appeared from another ballot that the names of all the candidates upon the ballot except those upon the Republican ticket were erased, but there was no cross in the circle at the head of the Republican ticket nor any cross to the left of any name on that ticket, This ballot was not counted for either party. This was correct. While it would seem from the acts of the voter that he intended to vote the Republican ticket, yet he did not manifest that intention by any act required by law to carry out such intention. On another ballot no cross appeared in the circle at the head of any party ticket. A cross was made to the right of the names of candidates on the different tickets, including the name of the respondent. This vote was counted for respondent. This was error for the reasons already stated. The voter may have intended to vote for respondent, as in the last case the voter evidently intended to vote the whole Republican ticket, but he failed to carry out that intention in the manner provided by law, namely, by placing the cross to the left of respondent's name. On another ballot appeared a cross in the circle at the head of the People's party ticket. A cross also appeared to the right of the names of several candidates on other tickets, among them the name of respondent. This vote was counted for respondent. This was error for the reasons heretofore given. On the last ballot we shall notice a cross appeared in the circle at the head of the People's party ticket. The name of the respondent was erased on the Democratic ticket, and the name of appellant was written in place of respondent. This ballot was not counted for either party. This was correct, for the reasons

heretofore stated.  It follows from these conclusions that the errors complained of necessarily affected the appellant prejudicially, and that he is entitled to a reversal of the judgment.  As it was conceded on the argument that all the disputed ballots do not appear in the record, a new trial is awarded.

KELLAM, J.   I think this case is rightly decided if entitled to be reviewed on its merits, but I am of the opinion that a fair regard for the established rules of this court requires the appeal to be dismissed.   We do not even know that there was any judgment in the trial court to be appealed from.