## MOODY V. DAVIS.

Laws 1899, Chap. 81, § 1, declares that a voter may prepare his ballot by marking a cross in the circle at the head of the ticket he desires to vote, and if he desires to vote for any candidate on another ticket, he may mark a cross in the circle opposite such candidate's name, and if he does not wish to vote a party ticket, he shall not mark a cross at the head of the ticket, but shall make a cross in the circle opposite the names of the candidates for whom he desires to vote. Section 2 declares that a cross at the head of a ticket shows an intention to vote for all the candidates on the ticket over which such cross is placed, unless there is a cross in the circle opposite the name of a candidate, on some other ticket, when the voter's intention shall be held to vote for such candidates opposite whose name he has placed a cross. *Held*, that such section was mandatory, and where a voter marked a cross in the circles at the head of two different tickets, the ballot was void.

(Opinion filed April 3, 1900.)

Appeal from circuit court, Kingsbury county. Hon. JULIAN BENNETT, Judge.

Election contest by George Moody against Seth E. Davis. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*Charles S. Whiting,* for appellant.

The provisions of Chapter 81, Laws 1899, are mandatory as regards the manner of expressing the intent of the voter and a ballot marked with a cross in the circles at the head of two party tickets is void. McMahon v. Polk, 73 N. W. 77; Vallier v. Brakke, 64 N. W. 185; McKittrick v. Pardee, 65 N. W. 26; Parvin v. Wimberg, 30 Amer. St. Rep. 254; Tebbe v. Smith, 108 Cal. 101; Taylor v. Bleakley, 55 Kan. 1; Howser v. Pepper, 79 N. W. 1018; Whittem v. Zahorik, 59 N. W. 57; Ellis v. Glasser, 61 N. W. 649.

*E. S. Johnston, G. W. Lattin* and *S. H. Wright,* for respondent.

Cited contra: Vallier v. Brakke, 64 N. W. 180; Parmley v. Healey, 64 N. W. 186; Parker v. Orr, 41 N. E. 1002; Reed v. McArthur, 3 Pa. Dist. Rep. 686; Ellis v. Glaser, 61 N. W. 652.

CORSON, J. At the election held in November, 1899, the plaintiff and defendant were rival candidates for the office of county commissioner in and for the Fifth district of Kingsbury county. At said election there were cast for the plaintiff 176 unquestioned votes, and said votes were duly counted, canvassed, and returned for said plaintiff; and there were cast for the defendant 193 unquestioned votes, and said votes were duly counted, canvassed, and returned for said defendant; and there were cast 28 votes which were marked by a cross in the circle at the head of the Union Reform party ticket, and a cross in the

the circle at the head of the People's party ticket.   On the Un-
ion Reform party ticket were the names of three candidates for
judges of the supreme court, and on  the  People's party ticket
there was only the name of the plaintiff, as candidate for coun-
ty commissioner in and for  the  Fifth  district.   At the official
canvass of said vote 15 of the  28  votes  above  described were
counted, canvassed, and returned for the plaintiff herein, mak-
ing the whole number of votes counted, canvassed and returned
for the said plaintiff at said election, 191.   Thirteen of the said
votes marked as above indicated were rejected and not counted
by the judges of said election, and were excluded from the can-
vass and returns of said election.   It therefore appeared from
said canvass that the defendant was  elected  by  a majority of
two.    Thereupon the said plaintiff  instituted  contest proceed-
ings to cancel the certificate of  election  issued  to the said de-
fendant, and to be declared to be duly elected to the said office.
On an agreed statement of facts, of  which  we  have given the
substance, and which constitute the findings of fact, the circuit
court concluded, as matter of law, that  the  13  ballots marked
as above should have all been counted for  the plaintiff herein,
and that at the  said election  the  plaintiff  received 204 legal
votes, which should have been  counted  for  him, and the said
defendant received only 193 legal votes, and  that  the plaintiff
was entitled to the relief prayed for in the notice of contest.

The appellant contends that  the provisions of Chapter 81,
Laws 1899, are mandatory, and that under that law the elector
could only mark one ticket by a cross  in  the circle at the head
of the ticket, and that, if he desired to vote for the plaintiff for
county commissioner he could only do  so  by marking a cross
in the circle at the left of the name of said  plaintiff; that mak-

ing a cross in the circle at the head of the two tickets was in contravention of the statute; and that the vote for the candidates upon neither of such tickets could be lawfully counted. The respondent, on the other hand, contends that, inasmuch as there was no name for county commissioner upon the Union Reform party ticket, the voter might indicate his choice for commissioner by making a cross in the circle at the head of that ticket, thereby voting for the three candidates upon the ticket for supreme judges, and also make a cross in the circle at the head of the People's party ticket, and thereby vote for the respondent for county commissioner; and such seems to have been the view of the learned circuit court, by its decision in the case.

Chapter 81, of the Laws of 1899, entitled "An act to amend Section 25, Chapter 60, Session Laws of 1897, relating to the manner of preparing ballots," reads as follows:

"Section 1. * * * On receipt of his ballot the voter shall forthwith, and without leaving the polling place retire alone to one of the booths provided to prepare his ballot. He may prepare his ballot by making a cross in the circle over the head of the ticket he desires to vote, and if he desires to vote for any other candidate on any other ticket on the ballot, he must make a cross in the circle at the left of the candidates name for whom he desires to vote, and in case a voter does not wish to vote a party ticket he need not make a cross in the circle at the head of the ticket, but may make a cross in the circle at the left of the name of the candidate for whom he may wish to vote.

Sec. 2. The judges in recording the votes shall endeavor to record the intention of the voter. Should there be a cross

in the circle at the head of any one ticket, the judges shall hold the intention of the voter to be to vote for all candidates on the ticket over which the cross is so placed, unless there should be a cross in the circle at the left of the name of some candidate on some other ticket on the ballot. The judges shall then hold the intention of the voter to be to vote for the candidate before whose name he has placed a cross and for all candidates on the ticket over which he has placed a cross, except for the candidate for that office before whose name he has placed a cross on some other ticket."

Section 25, above referred to, as enacted in 1897, before it was amended in 1899, provided that the elector should make a cross before the name of each person for whom he intended to vote. It will be noticed that the section as amended restores the former system as it existed prior to 1897, by providing for marking the ballot by making a cross in the circle over the head of the ticket he desires to vote, and, if he desires to vote for any other candidate on any other ticket, he must make a cross in the circle at the left of that candidate's name, and, if he does not wish to vote any party ticket, he may make a cross in the circle at the left of any candidates' names for whom he desires to vote on any party ticket, without making a cross in the circle at the head of any ticket. It will be further noticed that the judges, in counting the votes, are required, in case there be a cross in the circle at the head of one ticket, to hold the intention of the voter to be to vote for all the candidates on that ticket, unless there be a cross in the circle at the left of the name of some candidate on some other ticket on the ballot, in which case the judges shall hold the intention of the voter to be to vote for the candidate before whose name he has placed

a cross, and for all candidates on the ticket at the head of which he has placed a cross, except the candidate on some other ticket at the left of whose name he has placed the cross. It will be further noticed that throughout the two sections the term "ticket" is used, as contra-distinguished from the "ballot" upon which the tickets are printed. The elector, therefore, under these sections, is only entitled to vote one ticket. The ticket may contain the names of all the candidates nominated by one party, and that ticket may be voted by placing a cross in the circle at the head of the ticket, or the ticket may be constituted of the names on a party ticket, except such candidates as may be taken from one or more of the other tickets at the left of whose name or names a cross shall be placed in the circle, or the elector may make up his ticket by placing a cross in the circles at the left of the names of such candidates as he may desire to vote for, without placing a cross in the circle at the head of any ticket. These provisions are clearly mandatory. This is the view taken by the supreme court of Indiana of a similar statute in the case of Parvin v. Wimberg, 130 Ind. 561, 30 N. E. 790, 30 Am. St. Rep. 254, 15 L. R. A. 775. That court, after discussing the construction placed upon the statute by a certain committee of lawyers holding the statute mandatory, says: "The construction placed upon the statute by the committee to whom it was referred is not palpably wrong, but, on the contrary, we think the conclusion it reached is the correct one. The doctrine that it is within the power of the legislature to prescribe the manner of holding general elections, and to prescribe the mode in which the electors shall express their choice, is too familiar to call for the citation of authority. In this instance it has declared that the mode by which the elector

shall express his choice shall be by stamping certain designated squares on the ballot. There is nothing unreasonable in the requirement, and it is simple and easily understood. Furthermore, if he is illiterate or is in doubt, the law makes ample provision for his aid. If he does not choose to indicate his choice in the manner prescribed by law, he cannot complain if his ballot is not counted. Kirk v. Rhoads, 46 Cal. 399. If we hold this statute to be directory only, and not mandatory, we are left entirely without any fixed rule by which the officers of election are to be guided in counting the ballots." The supreme court of Kansas, in Taylor v. Bleakley, 55 Kan. 1, 39 Pac. 1045, 28 L. R. A. 683, arrives at substantially the same conclusion. Tebbe v. Smith, 108 Cal. 101, 41 Pac. 454, 49 Am. St. Rep. 68, 29 L. R. A. 673; Whittam v. Zahorik, 91 Iowa, 23, 59 N. W. 57; Ellis v. Glaser, 102 Mich. 396, 61 N. W. 649, 64 N. W. 828; Howser v. Pepper (N. D.) 79 N. W. 1018. In enacting the Australian ballot system in this state, our legislature seems to have kept in view the distinction between the ticket voted by the elector, and the ballot which embraces all the tickets of the various parties; and this court, in adopting this view, has held that where the elector attempts to vote more than one ticket, by marking a cross in the circle at the head of two tickets printed on the ballot, neither ticket can be counted. Vallier v. Brakke, 7 S. D. 343, 64 N. W. 180; McKittrick v. Pardee, 8 S. D. 39, 65 N. W. 23; McMahon v. Polk, 10 S. D. 296 73 N. W. 77. In McKittrick v. Pardee, *supra,* some of the tickets were quite similar to those in the case at bar,—one party having nominated and placed upon its ticket the state officers, and another party having placed upon its ticket the county officers only,—and the voter apparently attempted to vote both tickets,

by placing a cross in the circle at the head of each of the two party tickets; and this court held that neither of those tickets could be counted, following the doctrine laid down in Vallier v. Brakke, *supra.* These facts do not appear in the opinion, probably for the reason that the court did not deem it material that one ticket embraced only the state officers, and the other ticket the county officers. Nor do we deem it material in the case at bar that one ticket embraces only candidates for judges of the supreme court and the other ticket only the candidate for county commissioner. The tickets are separate and distinct, and as the elector is only authorized to vote one ticket, and both tickets are marked by a cross in the circle at its head, neither can be counted.

Counsel for the respondent contend that the learned circuit judge must have taken the view that the intention of the elector to vote for the judges and also for the county commissioner was clear, but we know of no rule by which the court below or this court can say that such was the intention of the voter. The law declares that, if such was his intention, it should have been expressed by marking a cross in the circle at the head of one ticket, and filling up that ticket by marking a cross in the circle at the left of the name of the candidate intended to be voted for on another party ticket, and so made to constitute a part of his ticket, and this is the only method by which the courts can determine what the intention of the voter was. The method by which the voter may make up his ticket in this state is so simple that we do not deem it necessary to fritter away the provisions of the statute in attempting to seek in some undefined method the intention of the elector. Judges of election and courts should not be required to spend their time in en-

deavoring to ascertain what the intention of the elector was in depositing his ballot, except so far as he has expressed that intention in the manner and by the methods prescribed by the lawmaking power. As we said in the case of Vallier v. Brakke, *supra*, any man of ordinary intelligence can learn in a very few minutes the method of marking his ballot, so that his intention can be clearly understood, and no person has a right to complain if he fails to take the time required to enable him to properly make up his ticket, and thereby loses his vote. If the elector desires to vote any party ticket, he is simply required to make a cross in the circle at the head of that ticket. If there is any candidate on the ticket for whom he does not wish to vote he is required to make a cross in the circle at the left of such candidate's name on any other party ticket, for whom he desires to vote; and the effect of such cross is to erase the name of the candidate on his ticket, and replace it with the name of the candidate at the left of whose name he has made the cross. If his own party ticket does not contain the names of candidates for all the offices to be voted for at the election, he may fill up his party ticket by marking a cross at the left of the name of such candidates on any other ticket or tickets, as he may choose, in order to complete his own ticket. The effect of such marking is to add the names of such candidates to his own ticket. If he does not desire to vote any party ticket, he may make up his ticket entirely by making crosses at the left of the names of such candidates as he desires to vote for on any party ticket. If he does not desire to vote his entire party ticket, and does not wish to vote for candidates upon any other party ticket, he should omit to place the cross at the head of his own party ticket, and place a cross at the left of the name of

each candidate on the ticket for whom he desires to vote.   The conclusion of the court below that the 13 tickets referred to should be counted for the respondent was erroneous.   The judgment of the circuit court is reversed and that court is directed to enter judgment in favor of the defendant.

Fuller, P. J., taking no part in the decision.