## STATE ex rel. CHILSON v. HARRIS, Mayor, et al.

An election on the question whether or not intoxicating liquors shall be sold at retail is valid, where the ballot complied with Rev. Pol. Code, § 2856, as amended by Laws 1903, P. 191, c. 166, providing that at such election the ballot shall bear the words " 'Shall intoxicating liquors be sold at retail' before which words there shall be printed the words 'Yes' and 'No,' and any voter in favor of the sale of such liquors as aforesaid shall mark the word 'Yes,' with a cross (X) and any voter opposed to such sale shall mark the word 'No' with a cross (X)," in spite of section 1911, relating to constitutional amendments, providing that the words "Yes" and "No" shall be preceded by a square, in which the mark shall be placed.

(Opinion filed, March 18, 1908.)

Appeal from Circuit Court, Day County. Hon. J. H. McCoy, Judge.

Prohibition by the state, on the relation of O. A. Chilson, against J. L. Harris, mayor, and others. From an order sustaining defendants' demurred, plaintiff appeals. Affirmed.

*Anderson* & *Waddel* and *Lauritz Miller,* for appellant. *Sears* & *Potter* and *B. A. Walton,* for respondent.

FULLER, J. To prevent the granting of any license for the sale of intoxicating liquors at retail in the city of Webster for the ensuing year commencing July 1, 1907, appellant made application in due form to the circuit court for a writ of prohibition directed to the mayor and city council, and this appeal is from an order sustaining respondent's demurrer on the ground of the insufficiency of the alleged facts to constitute a cause of action or justify the issuance of the writ.

It affirmatively appears from the affidavits made the basis of the proceeding, and to which the demurrer was directed, that 30 days before the annual election held in Webster for general municipal purposes a petition containing all that the statute requires was duly filed, and that pursuant thereto the prerequisite question was submitted to the voters and carried by a large majority by the use of the following separate ballot:

City Election Held in the City of Webster, Day County, South Dakota, Tuesday, April 16, 1907.

To vote in favor of the follwing propsition make a cross (X) on the word "Yes." To vote against the proposition make a cross (X) on the word "No."

Yes. Shall intoxicating liquors be sold at re-
No. tail in the city of Webster, Day County,
      South Dakota?

As the words "Yes" and "No" were thus printed on this ballot without being preceded by a square in which the vote of the elector might be indicated by a cross, it is contended by counsel for appellant that the election is a nullity, and the corporate authority without jurisdiction to issue a license for the sale of intoxicating liquors at retail.

Section 2856 of the Revised Political Code, as amended by chapter 166, p. 191, Laws of 1903, reads as follows: "At the annual municipal election held in any township, town or city in this state, for general municipal purposes, the question of granting permits to sell intoxicating liquors at retail within the corporate limits of such township, town or city shall be submitted to the legal voters thereof upon petition signed by (25) legal freeholder voters of such township, town or city, to be filed with the clerk or auditor of such township, town or city, thirty days before election, which petition shall state that a vote is desired upon such question. The question shall be submitted upon a separate ballot conforming with the general election laws of the state, upon which ballot there shall be printed the words 'Shall intoxicating liquors be sold at retail?' before which words there shall be printed the words 'Yes' and 'No' and any voter in favor of the sale of such liquors as aforesaid shall mark the word 'Yes' with a cross (X) and any voter opposed to such sale shall mark the word 'No' with a cross (X) and if a majority of the voters of such township, town or city shall vote in favor of such sale of intoxicating liquors at retail, the corporate authorities thereof shall grant permits for such sale for the ensuing year in accordance with the provisions of this act, but if a majority of the voters shall vote against such sale, no such permits shall be granted." The Legislature having specified the precise question to be submitted to the legal voters, without providing a form of ballot, the sufficiency of the one before us must be tested by the statute under which the election was held, and substantial conformity therewith is entirely sufficient.

No claim is made that the advisory direction on the ballot does not comply with the statutory command that all voters in favor of the sale shall mark the word "Yes" with a cross and those opposed thereto shall mark the word "No" with a cross; but a reversal is urged on account of the failure to submit the question according to the terms of section 1911, which relates to proposed constitutional amendments, and expressly requires the words "Yes" and "No" to be "preceded by a square in which the elector can place a cross to indicate his vote." Manifestly the statute under

which this election was regularly conducted is so free from ambiguity that there is no room for construction, and the words employed, taken in their ordinary sense, clearly express an intention of the Legislature to provide a ballot upon which the voter may exercise his prerogative by marking either the word "Yes" or "No" with a cross. Section 2856, above quoted, is a provision vitally essential to our legislative system, commonly called the "license law" by which the liquor traffic in this state is exclusivey regulated, controlled, and policed for the preservation of good order and the general welfare of society. To invalidate this election held in strict conformity therewith would necessitate an unwarranted departure from the primary meaning of simple words, as well as the interpolation of an inconsistent requirement, which is always beyond the power of the judiciary.

As the exact question was submitted on such a ballot as the framers of the statute contemplated, the demurrer was properly sustained, and the order appealed from is affirmed.