STATE ex rel. CLARK, Atty. Gen., v. STAKKE et al..

Rev. Pol. Code, § 2837, as amended by Laws 1905, p. 180, c. 124, providing that no liquor license shall be granted in any municipality where a majority of the electors thereof have not voted in favor of license, etc., and repealing all acts in conflict with it, repeals section 2856, as amended by Laws 1903, p. 191, c. 166, requiring the submission of the question whether intoxicating liquors shall be sold at retail, etc., and a majority vote in favor of license is essential to the issuance of a license.

(Opinion filed, Nov. 25, 1908.)

On petition for rehearing. Denied.

For former opinion, see 22 S. D. 228, 117 N. W. 129.

Hon. FRANK B. SMITH, Judge..

T. J. Spangler (Aikens & Judge, of counsel), for defendants.

CORSON, J. This case is before us on petition for rehearing. The case was decided at a former term of this court, and is reported in 22 S. D. 228, 117 N. W. 129.

It is contended in the petition for rehearing that this court was in error in holding that a party, in order to obtain a license for the sale of intoxicating liquors, must show that an affirmative vote of the majority of the electors of the town or city was in favor of such license, and bases such contention upon the fact that by the provisions of section 2856 of the Revised Political Code, as amended by chapter 166, p. 191, Laws of 1903, in which it is provided: "If a majority of the voters of such township, town or city shall vote in favor of such sale of intoxicating liquors at retail, the corporate authorities thereof shall grant permits for such sale for the ensuing year in accordance with the provisions of this act, but if a majority of the voters shall vote against such sale, no such permits shall be granted." And the petitioners contend that, under the section as amended, there must be a majority voting against the granting of the license, otherwise the party is entitled to a license as provided by section 2837 of the Revised Political Code, as amended as aforesaid. This court in its opinion, however, took the view that there must be an affirmative vote in favor of the license, otherwise the same should be refused, but the court evidently inadvertently omitted to call attention to the amendment of section 2837 of the Revised Political Code, approved March 8, 1905, and constituting chapter 124, p. 180, Laws 1905, which, in effect, repealed, not only the original section, but the section as amended, in so far as it provides for a negative vote as follows: "And, provided further, that no license shall be granted to any person or persons to sell intoxicating liquors under the provisions of this act in any township, town, or city of this state where a majority of the electors of such township, town, or city have not voted in favor of granting of such license at the last general municipal election and it shall be unlawful for any county treasurer to receive such license money or receipt for the same, from any person or persons for a license to sell intoxicating liquors in any township town, or city where the majority of the electors have not voted in favor of the issuance of such license at the last general municipal election." While this amendment is made to a section other than the original section 2856 and the amendment thereto of 1903, still, as it provides "that all acts and parts of acts in conflict with this

act are hereby repealed," clearly the provisions in the original section and the section as amended in 1903 are repealed, in so far as they provide that "if a majority of the voters shall vote against such sale no such permits shall be granted." It is clear, therefore, from the amendment of 1905 that the decision of this court was right, and that the contention of the petitioners, that unless there is an affirmative vote against the issuance of a license, the party is entitled to the license, cannot be sustained. The fact that the original section 2856 and that section as amended in 1903 are not referred to in terms by the amendment of 1905 to section 2837 does not prevent the repeal of so much of section 2856 and the amendment of 1903, as conflicts with section 2837 as amended in 1905.

It will be noticed that it is provided "that no license shall be granted to any person or persons to sell intoxicating liquors * * * where a majority of the electors of such township, town or city have not voted in favor of granting of such license * * * and it shall be unlawful for any county treasurer to receive such license money or receipt for the same in any township, town or city where the majority of the electors have not voted in favor of the issuance of such license at the last general municipal election." The intention of the lawmaking power, therefore, to require an affirmative vote in favor of the license before one can be granted, is made perfectly clear by section 2837 as amended by the act of 1905.

The petition for rehearing is denied.