## TREAT v. MORRIS et al.

Pol. Code, § 1988, providing that any elector of the proper county desiring to contest the validity of an election shall give notice, etc., authorizes a contest of an election submitting the question, "Shall intoxicating liquor be sold at retail?"

A ballot upon the proposition of whether intoxicating liquor should be sold at retail was void where the cross made neither marked the word "Yes" nor was in the circle to the left thereof, but was placed to the left of such circle.

Under Pol. Code, § 2856, providing that an elector desiring to vote for the sale of intoxicating liquor shall mark the word "Yes" with a cross, and an elector opposed the word "No," the word "Yes" or "No" must be touched by the cross to be marked.

Under Pol. Code, § 1923, forbidding an elector to place any mark upon his ballot whereby it may be identified as his, a ballot having upon its back a distinct cross made by an impression of the instrument furnished by the election officers to mark ballots, which cross was plainly visible when the ballot was folded for the ballot box, should not be counted.

Under Pol. Code, § 1923, forbidding an elector to place any mark upon his ballot whereby it may be identified as his, a ballot ought to have been rejected where the cross made was to the left of the circle intended therefor.

Likewise a ballot upon which the cross was made about one-fourth of an inch to the right of the word "Yes" just above the beginning of the word "shall" of the proposition submitted.

A ballot upon the proposition of whether intoxicating liquors should be sold at retail was void, and ought not to have been counted, where the cross made neither marked the word "Yes" nor was in the circle to the left thereof, but was placed about one-fourth of an inch to the right of the word "Yes" just above the beginning of the word "Shall."

Pol. Code, §§ 1916, 1929, requiring judges of election to endeavor to record the intention of the voter, contemplate an intention by the voter to mark his ballot according to law, and not an intention to vote for any particular person, or in any particular way on a proposition submitted, and where a voter marks his ballot in some other way than provided by law, though his intention may be gathered therefrom how he intended to vote, yet such ballot should not be counted.

A person removing from the jurisdiction with the intent of remaining away thereby loses his residence, though he thereafter changes his mind and returns; and he cannot vote until he has regained his residence by remaining in the jurisdiction the statutory period.

Where it appears that a person voted who was not a legal voter,

the majority to be overcome to authorize the sale of intoxicating liquor, is thereby reduced.

That a qualified elector has lost his vote by improper marking of his ballot does not reduce the majority to be overcome to authorize the sale of intoxicating liquor, but the majority required remains the same.

Under Pol. Code, § 2023, providing that no person shall be permitted to vote at any general election unless duly registered, and section 2024 defining a "general election" as one at which a vote is required in every voting precinct, registration is not applicable to a city election as involved in the submission of the question of whether intoxicating liquor shall be sold at retail.

(Opinion filed, July 15, 1910.)

Appeal from Circuit Court, Spink County. Hon. ALVA A. TAYLOR, Judge.

Contest by T. M. Treat against W. A. Morris and others of an election upon the question of selling intoxicating liquor at retail. From a judgment for respondents, contestants appeals. Reversed, with directions.

*M. Moriarty* and *Sterling & Clark*, for appellant. *N. P. Bromley*, for respondents.

McCOY, J. At the municipal election held in the city of Redfield, Spink county, on the 3d Tuesday of April, 1909, under the provisions of article 14, c. 14, Pol. Code, the question of "Shall intoxicating liquors be sold at retail?" was submitted to the voters. The canvassing board certified that a majority of the voters of said city had voted in favor of such sale. The appellant, as an elector, thereupon, in due time, instituted an election contest against the city council, mayor, city auditor, and those applying for a license to sell intoxicating liquors for the year beginning July 1, 1909. This contest was instituted under the provisions of article 13, c. 19, Pol. Code. The respondents appeared and answered in said contest proceedings, and the court made findings in favor of respondents and entered judgment dismissing said contest upon its merits. To the entry of which judgment the appellant duly excepted and has appealed to this court assigning various errors, and which appeal was not perfected and submitted in this court until the 9th day of May, 1910.

At the outset we are met with the objection that neither this court nor the circuit court ever had jurisdiction of the subject-matter of this action, in this, that the provisions of law relating to contests do not apply to contests of this character, and that there is no statute law in this state authorizing such a contest. We are of the opinion that this objection is not well founded. It must be conceded that there is no right to contest any election unless power is conferred by statute for such purpose. Section 1988, Pol. Code, being a section of the general election law of this state, provides that any candidate or person claiming the right to hold an office contested, or any elector of the proper county, desiring to contest the validity of an election, or the right of any person declared duly elected to any office, shall give notice thereof in writing to the person whose election he intends to contest within 20 days, etc. It will be observed that this section is broad and comprehensive in its terms and says that any elector of the proper county desiring to contest the validity of an election shall give notice in writing, etc. It will also be observed that this section of the statute provides the special manner of making service of notice of contest upon a candidate or party whose election or right to hold office is contested, and that no specific provision for service of notice of contest is provided in contests of the character involved in this action. It will also be observed that none of the provisions of this section, or preceding sections, in any manner add to, limit, or abridge the general power conferred on an elector desiring to contest the validity of an election. All the specific provisions as to service relate solely to service on persons whose election or right to hold office is contested; and this section also further provides that if any service as above provided cannot be made, the circuit court or judge thereof may expressly direct the manner of service. We are therefore of the opinion that this section is broad and comprehensive enough in its terms to confer authority and power to initiate and maintain a contest of an election upon any special question submitted to the voters, under the general laws of this state, at a municipal election. Section 1288, Pol. Code, relating to municipal elections, provides that the manner of conducting, can-

vassing and contesting municipal elections shall be the same, as nearly as may be, as under the general election laws of the state. The power conferred authorizing election contests by chapter 1, Gen. St. Minn. 1878, §§ 49-52, is in almost precisely the same language used in section 1988, Pol. Code, of this state. This Minnesota statute provides that any candidate or elector of the proper county, desiring to contest the validity of an election, or the right of any persons declared duly elected to an office, shall give notice thereof in writing, and then details the manner in which service may be made upon a candidate or person declared elected, and make no provisions for service of notice when the contest is of an election involving some special question submitted. In the case of Truelson v. City of Duluth, 60 Minn. 132, 61 N. W. 911, and State v. Gates, 35 Minn. 385, 28 N. W. 927, the Supreme Court of Minnesota held that an election submitting to a vote the question of issuing municipal bonds, might be contested by an elector, under the power to contest, confered by said chapter 1, general law of that state, above mentioned, although there was no provision in the city election statute making the general election law applicable to such contests, and also held that service on the city council and mayor, as parties in interest, was proper, although there was no specific provision in such general statute relating to such service. We are therefore clearly of the opinion that under section 1988, Pol. Code, the right and power is conferred to contest an election, submitting to the voters the question, "Shall intoxicating liquors be sold at retail?" Under section 88, Code Civ. Proc., defendants were proper parties in interest against whom appellant might properly maintain such contest.

It was found by the trial court that 599 votes were legally cast upon the said question submitted, and that 301 of said votes were in the affirmative. The findings of fact of the trial court are not questioned by appellant; neither is the sufficiency of the evidence to justify the findings. The appellant contends that ballots marked "15" and "50," the original ballots being made a part of the finding of fact, were erroneously, by the legal conclusions of the court, held valid, and erroneously counted by the court in the

affirmative, as a part of the 301 affirmative votes. The appellant contends that if these ballots 15 and 50 had not been counted the affirmative vote would have been reduced to 299—less than a majority of all the votes cast at such election. The court found that the ballot numbered "15," had no cross within the circle at the left of the word "Yes," or no cross marking the word "Yes"; that this ballot has upon its back a plain and distinct cross made by an impression of the instrument furnished by the election officers for the purpose of marking ballots which cross was so situated as to be plainly visible when the ballot was folded to be placed in the ballot box. The original ballot being annexed to the finding as a part thereof is in the following form:

---

Official Ballot,
City of Redfield, Spink County, S. D.
Regular Municipal Election.
April 20, 1909.

X O Yes
         Shall intoxicating liquors be sold at retail?
O No

---

We are of the opinion that this ballot should not have been counted for two reasons: First, because the cross on the face of the ballot neither marked the words "Yes" nor was in the circle at the left of the word "Yes." Section 2856, Pol. Code, provides that an elector desiring to vote in favor of the sale of intoxicating liquors shall *mark* the word "Yes" with a cross, and those desiring to vote against such sale shall *mark* the word "No" with a cross. This section 2856, being a special legislative act upon this subject, makes no provision for a circle or square at the left of the words "Yes" and "No," but says the voter must *mark* the words "Yes" and "No," as he may desire to vote, with a cross. In the case of State v. Harris, 22 S. D. 111, 115 N. W. 533, it was held that the marking of the word "Yes" or "No" with a cross, without the use of the circle or square at the left of the said words, was a

proper method of indicating the vote of the elector. When the statute provides that the elector shall *mark* the word "Yes" or "No" with a cross, we take that to mean that the word "Yes" or "No" to be *marked* with a cross, must be touched by the cross in order to so *mark* the word, otherwise when the cross is not touching the word the word would not be *marked* by the cross. Were it permissible to count the word as marked by the cross when the cross does not come in contact with the word, we would then be required to go into the realm of comparative distances and would then have to determine how far away from the word "Yes" or the word "No" the cross might be, not to be counted; or how close to the word it must be in order to be counted. The cross at either of the extreme upper corners of the ballot would be nearer the word "Yes" than the word "No," while a cross at either of the extreme lower corners of the ballot, would be nearer the "No" than the "Yes," still, it would be hardly reasonable under such circustances to suppose the elector intended to mark either one word or the other with such cross, therefore the only reasonable construction is that some part of the cross should touch or come in contact with some part of the word intended to be marked. It will be observed that in State v. Harris, supra, the court did not hold that when the form of the ballot was prepared with a circle or square at the left of the word "Yes" or "No," so that a cross might be placed in the circle or square to indicate the vote of the eletcor, was not a proper method of voting and marking such ballot, but only held that the marking of the word "Yes" or "No" with the cross without the use of the circle or square was a proper method of marking the ballot under section 2956. The use of the circle or square at the left of a name, or proposition to be voted for, is a part of the general law of the state, and when such form of ballot is used in submitting the question of the sale of intoxicating liquors, a cross in the circle or square to the immediate left of the word "Yes" or "No" should be counted, as being also a proper method of designating the choice of the elector; but, even in that case it would be necessary for some part of the cross to touch or be in the circle or square.

This court has heretofore held that a cross outside the circle could not be counted because it rendered the vote a nullity, not being where the statute says it should be. Vallier v. Brakke, 7 S. D. 343, 64 N. W. 180; McKittrick v. Pardee, 8 S. D. 39, 65 N. W. 23; Moody v. Davis, 13 S. D. 86, 82 N. W. 410.

Second. Ballot 15 should not have been counted because of the identifying mark or cross on the back thereof, which is a clear, clean-cut, well defined "X" on the upper left-hand corner which could only exist there by some intention. Section 1923, Pol. Code, provides that: "No elector shall place any mark upon his ballot by which it may afterwards be identified as the one voted by him." In Church v. Walker, 10 S. D. 90, 72 N. W. 101, this court said: "If the cross outside the circle was made by mistake the elector should have procured another ballot. On failure to do so the judges of election should have presumed it to be made as an identifying mark, and to have declined to count the ballot." This ballot 15 was doubly identifiable, by the cross outside the circle on its face, and also by the cross on its back.

Ballot designated 50 should also have been rejected and not been counted. This ballot, as shown by the finding has no cross within the circle at the left of either "Yes" or "No" and no cross *marking* the word "Yes," but about one-fourth of an inch to the right of the word "Yes" just over the beginning of the word "Shall" was a cross. It again involves the question of relative distances. If a cross one-fourth inch away from and to the right of "Yes" could be counted "Yes," then a cross one, two, or three inches, or at the extreme right edge of the ballot, over the word "retail" might also be counted "Yes," so long as it was discernible to be nearer the word "Yes" than "No." Again, a cross to the right of the word "Yes" or "No," were that permissible, could readily and very conveniently be used as an identifying mark by prearrangement. It could be understood between the voter and some other party that a cross should be made one-fourth inch above the word "Yes" or over the last letter of any word in the question appearing on the face of the ballot, and any party interested, who understood such system of marking, could readily

identify the ballot as that cast by some particular person, which is repugnant to the plan and intention of the Australian Ballot System.

It is contended by respondent that ballots 15 and 50 should be counted for the reason that such ballots show on their faces that the elector intended to vote "Yes." Sections 1916 and 1929, Pol. Code, provide that the judges of election shall endeavor to record the intention of the voter when the cross-marks on the ballot are sufficiently plain to gather therefrom the voter's intention. It has heretofore been held by this court, on several occasions, as well as in many other jurisdictions, that the voter's intention, as comprehended within the meaning of such sections of the statute, is an intention to mark his ballot according to law, and is not an intention to vote for any particular person, or in any particular way on any question submitted to vote. The law provides how the elector shall express his intention by the marking of his ballot. Where an elector deliberately marks his ballot some other way than required by law, although his intention might be gathered therefrom as to how he intended to vote, still, his vote should not be counted because he has not attempted to mark his ballot in the manner the statute says he must. Where an elector has attempted to make the word "Yes" or "No," or attempted to place a cross in the circle, and by reason of a defect in the stamp or pencil, not properly making a clear cross, or some like occurrence, then there is an intention to mark the ballot in accordance with the method prescribed by statute, and under such circumstances should be counted, if it can be gathered from the ballot how he intended to vote; but where he actually makes the cross on some other part of the ballot, other than where the law says he should make it, the vote should not be counted. Moody v. Davis, 13 S. D. 86, 82 N. W. 410; Vallier v. Brakke, 7 S. D. 343, 64 N. W. 180; McKittrick v. Pardee, 8 S. D. 39, 65 N. W. 23; McMahon v. Polk, 10 S. D. 296, 73 N. W. 77, 47 L. R. A. 830. In Bloedell v. Cromwell, 104 Minn. 487, 116 N. W. 947, where the cross was made immediately after the name of the candidate intended to be voted for, it was held that such a marking

of the ballot was a nullity. The Supreme Court of Minnesota, under a like statute to ours, held that election laws are to be construed so as to secure to every voter reasonable opportunity to vote and to have his vote counted as cast, when his intention can be ascertained from the ballot, without violating statutory provisions.

The vote of Earl B. Wheeler should have been rejected and not counted. The court found that Wheeler left the state of South Dakota for the state of Oklahoma in January, 1909, with the intention to remove from this state, but shortly after arriving in Oklahoma determined to return to South Dakota, and did so return; and that at the time of the election in question he had resided in Redfield for more than 30 days, and that he voted in the affirmative on the question "Shall intoxicating liquors be sold at retail?" The court held that he was entitled to vote and that his vote should be counted. We are of the opinion that this was error. A person who removes from the jurisdiction with the intention of remaining thereby loses his residence, although he afterward changes his intention and returns; and he cannot vote until he has regained his residence by remaining in the jurisdiction the statutory period. 15 Cyc. 292; Edwards v. Logan, 114 Ky. 312, 70 S. W. 852, 75 S. W. 257.

Under section 2856, in order to authorize the sale of intoxicating liquors at retail the question of "Shall intoxicating liquors be sold at retail?" must receive an affirmative majority of the voters of the municipality wherein such election is held. Clark v. Stakke, 22 S. D. 228, 451, 117 N. W. 129, 118 N. W. 703. Ballots not counted by reason of defective marking will not reduce the majority required to authorize the sale. Where it is shown that some one voted who was not a legal voter, that would reduce the majority to be overcome, but where a qualified elector has lost his vote by reason of the improper marking of his ballot, no such result would follow, but the majority required would remain the same.

The appellant contends that the court erred in holding that no registration was required preceding the election in question, and that persons whose names were not on the registration list were

permitted to vote without presenting the affidavit required by section 2031, Pol. Code, but we are of the opinion that under sections 2023 and 2024, Pol. Code, registration is not applicable to such city elections, as are involved in this case.

The question of "Shall intoxicating liquors be sold at retail?" not having received an affirmative majority of the voters of said city of Redfield at said election the judgment of the circuit court is reversed, with directions to enter judgment in favor of appellant in accordance with this decision.