HUSEBOE, Appellant, v. OLSON, Respondent.

(226 N. W. 748.)

(File No. 6597. Opinion filed September 20, 1929.)

*Owen & Hareid,* of Sioux Falls, for Appellant.
*Peck & Wall,* of Sioux Falls, for Respondent.

BROWN, J. Plaintiff leased to defendant the S. W. ¼ of 17—99—50 for the year 1919, and defendant entered into possession and occupied this land during the term of the lease and agreed to pay for the uncultivated land a sum amounting to $170.40. The written lease described the land as being in range 49 instead of range 50. Claiming that the rent for the uncultivated land was unpaid, plaintiff on April 27, 1925, commenced this action for its recovery. In his answer defendant interposed a general denial, but offered to allow plaintiff to take judgment against him for $36 with costs to the date of the service of the answer. At the trial plaintiff testified that he gave defendant possession of the farm and that defendant occupied it during the year 1919 under the terms of the lease, but that the written lease through a mistake of the scrivener erroneously described the land as being in range 49 instead of range 50, and that no part of the cash rent had ever been paid. Defendant, called as an adverse witness, testified that he signed the lease and took possession and occupied the land in range 50 and had no other lease with plaintiff for any land during

that year. At the close of all the evidence both parties moved for a directed verdict, defendant's motion was denied and plaintiff's granted, and a verdict returned in favor of plaintiff for $248.56 on June 10, 1926. Defendant moved for judgment notwithstanding the verdict, which was denied, and on July 20, judgment was entered upon the verdict. On July 23 the court made an order extending for a period of 60 days the time within which defendant might give notice of intention to move for a new trial and take any steps necessary for moving for such new trial. On August 11 defendant served his notice of intention, and a motion for a new trial was brought on for hearing on July 16, 1925, when the court made an order vacating the judgment and directing that judgment be entered dismissing the complaint with costs against plaintiff, pursuant to which judgment was entered dismissing the complaint with costs.

■ Plaintiff contends that the court had no jurisdiction to entertain the motion for a new trial because the notice of intention was not served within 20 days after the verdict. It was served within the extended time granted by order of the court. This order recites that good cause therefor was shown and plaintiff offers nothing to controvert this recital. In the absence of any showing to the contrary, the court will presume that good cause was shown. McKittrick v. Pardee, 8 S. D. 30, 65 N. W. 23.

■ Further, it appears that when the order of extension was made plaintiff's attorneys signed an indorsement thereon reading as follows: "The foregoing order read July 23, 1926, and no objection made to the entry thereof. Owen & Hareid, Plaintiff's Attorneys." We think they are not now in a position to urge the objection that the notice of intention was not served within 20 days after the verdict.

■ But we think that plaintiff's contention that the evidence was insufficient to justify judgment in favor of defendant must be sustained. Laws 1921, c. 181, provides in substance that where a party had moved for a directed verdict, the court, on motion for a new trial, may order judgment to be entered in favor of the party who was entitled to have a verdict directed in his favor, and it was under the provisions of this chapter that the court set aside the judgment for plaintiff and entered judgment for defendant. But while defendant at the trial had moved for a directed verdict, he

was not entitled to have a verdict directed in his favor. The only defense seems to have been that defendant did not occupy the land described in the written lease and therefore plaintiff could not recover the rent stipulated for in the lease. Defendant was not and could not have been misled by the misdescription in the lease. He does not claim that the rent stipulated for in the lease was not to have been paid for the land which he actually occupied.

The judgment is reversed, and the case is remitted for a new trial.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.