## A. GOMEZ v. WALTER F. TIMON ET AL.

Decided April 11, 1910.

**Local Option Election—Form of Ballot—Statute Mandatory.**

The requirements of the Act of 1909 amending article 3388 of the Rev. Stats. (Gen. Laws, 1909, p. 338), as to the character and form of ballot to be used in local option elections, are mandatory; hence a local option election at which two ballots were furnished the voters, on one of which was printed the words "For Prohibition," and on the other was printed the words "Against Prohibition," and on neither of which was written or printed the words "Official Ballot," was illegal and void.

Appeal from the District Court of Nueces County. Tried below before Hon. W. B. Hopkins.

*Onion & Henry, Davis & Lipscomb* and *Pope & Taylor,* for appellant.—The statute, passed by the Thirty-first Legislature, prescribing that in local option elections an "Official Ballot" must be furnished by the proper authorities to be used in holding such elections, and further prescribing the form of such ballot, and concluding with words of positive prohibition against the use of any other character of ballot than an "Official Ballot," is mandatory and not directory, and an election held in violation of said statute, as was alleged by contestant, is illegal and void, and the general demurrer of contestees should not have been sustained. Acts 31st Leg., 338; State v. Connor, 86 Texas, 142; Griffin v. Tucker, 51 Texas Civ. App., 522.

*G. R. Scott & Pope* and *F. J. Onzon,* for appellee.

McMEANS, Associate Justice.—This suit was brought by A. Gomez against Walter F. Timon, county judge of Nueces County, and James K. Hipp, C. C. Wright, Ed Kilmer and William Adams, the county commissioners of said county, to contest a local option election held in Justice Precinct No. 5 of Nueces County on June 5, 1909, at which election prohibition was adopted in the precinct by a majority of eleven votes. Appellant alleged that the election was illegal and void for the reasons set out in paragraphs d, f and h of his petition, which are as follows:

"(d) That said election and the action of said election officers, together with that of contestees, are illegal, void and uninforceable, in that the ballots used by said election officers for the purpose of conducting said election, and those delivered to the qualified voters of said precinct for the purpose of using and voting, did not contain, as required by law, the words "Official Ballot."

"(f) That said election and the actions and conduct of said election officers and contestees are wholly illegal, void and a nullity, in that said election officers used, in conducting said election, two ballots instead of one; that upon one ballot was printed the words, 'For Prohibition,' and that upon the other was printed the words, 'Against Prohibition,' and that said election officers delivered and caused to be delivered to each qualified voter who voted at said election two ballots at the time they attempted to and did cast their ballots, one of which had printed upon it the words, 'For Prohibition,' and the other, 'Against Prohibition,' thereby wholly disregarding the law and destroying the purity and secrecy of the ballot, thereby enabling the election officers, guards and other persons at and around the polls to know and ascertain how each qualified voter voted, whether for prohibition or against prohibition; that contestant verily believes that each and every voter who voted at said election voted one of said ballots and retained the other in his possession, thereby further disclosing and making manifest how each and every voter had cast his vote, thus destroying the privacy and secrecy of the ballot."

"(h) That said election and the acts and conduct of said election

officers and contestees are wholly illegal, void and uninforceable, in that the tickets used and delivered to the qualified voters on said election day were not prepared in accordance with the law, in that 'For Prohibition' and 'Against Prohibition' were not placed upon one ticket, but upon separate and distinct tickets, as above alleged, and that no qualified voter who voted at said election scratched 'For Prohibition' or 'Against Prohibition' as he intended to vote and did vote as required by law."

The contestees answered by general demurrer, and specially excepted to paragraphs d, f and h on the grounds, substantially, that said paragraphs were insufficient, because they failed to show that the election was illegally and fraudulently conducted, or that by non-use of a ballot with the words "Official Ballot" on it, or that by the use of two ballots, one with "For Prohibition" and the other containing the words "Against Prohibition," instead of one ballot with both written or printed upon it, the election would have resulted differently; nor was it shown that any voter refused to vote because of the ballots that were used, nor that the result would have been otherwise than announced by the Commissioners' Court; that the name of any voter who did not vote for any such reason was not given, and it was not shown by said allegations that the will of the people was defeated by the use of the ballot complained of.

The court sustained the general demurrer and the special exceptions to the paragraphs of the petition above set out, and, the plaintiff declining to amend, his suit was dismissed, and from the judgment of dismissal the plaintiff prosecutes this appeal.

Appellant's several assignments of error are addressed to the action of the court in sustaining the demurrer and special exceptions.

Prior to April 21, 1909, the form of ballot to be used in local option elections was prescribed by article 3388, Revised Statutes, which reads as follows:

"At said election those who favor the prohibition of the sale of intoxicating liquors within the proposed limits shall have written or printed on their tickets the words 'For Prohibition,' and those who oppose it shall have written or printed on their tickets the words 'Against Prohibition.' "

While under this article two tickets could be used, one being for and the other against prohibition, it has been held that the requirement that the use of either the words "For Prohibition" or "Against Prohibition" should be written or printed on the ticket voted, was mandatory, and that the use of the words "For Local Option" or "Against Local Option" on tickets was not authorized, and that ballots containing such words should not be counted in determining the result of the election. Griffin v. Tucker, 51 Texas Civ. App., 522 (119 S. W., 340). By chapter 29, page 338, Acts of the Thirty-first Legislature, article 3388 was amended so as to read as follows:

"Article 3388. At said election the vote shall be by official ballot, which shall have printed or written at the top thereof in plain letters the words 'Official Ballot.' Said ballot shall have also written or printed thereon the words 'For Prohibition' and the words 'Against Prohibition,' and the clerk of the County Court shall furnish the pre-

siding officer of each voting box within the proposed limits with a number of such ballots to be not less than twice the number of qualified voters at such voting boxes, and the presiding officer of each such voting box shall write his name on the back of each ballot before delivering the same to the voter, and the person offering to vote at such election shall, at the time he offers to vote, be furnished by said presiding officer with one such ballot, and no voter shall be permitted to depart with such ballot, and shall not be assisted in voting by any person except such presiding officer or by some officer assisting in the holding of such election under the direction of the presiding officer, when requested to do so by such voter. Those who favor the prohibition of the sale of intoxicating liquors within the proposed limits shall erase the words 'Against Prohibition' by making a pencil mark through the same, and those who oppose it shall erase the words 'For Prohibition' by making a pencil mark through the same. No ballot shall be received or counted by the officers of such election that is not an official ballot and that has not the name of the presiding officer of such election written thereon in the handwriting of such presiding officer, as required by this Act."

The Act is followed by an emergency clause which reads as follows: "The fact that local option elections are being frequently held in this State, and that there is no official ballot provided by law to be used at such elections, creates," etc.

The amendment took effect April 21, 1909, which was before the election in question was ordered or held.

Whether or not the court erred in sustaining the demurrer and special exceptions to the petition of contestant depends on whether the Act above quoted prescribing the form of ballots to be used in local option elections is mandatory. If it is, then, according to the plain allegations of the petition, the ballots used in the election were not official ballots as prescribed by the Act, and should not have been received or counted. In State v. Connor, 86 Texas, 133, Judge Brown, for the Supreme Court, construing articles 1694 and 1697, Revised Statutes of 1879, brought forward in the revision of 1895 as articles 1738 and 1741, which provide that one of the judges of elections shall write upon each ballot the voter's number corresponding with the number in the clerk's poll list, and that ballots not so numbered should not be counted, says:

"It is unnecessary to discuss the difference between directory and mandatory statutes. The law commands that the number shall be written on the ballot, and forbids those not numbered to be counted. Taking the two articles together, and especially in connection with section 4, article VI of the Constitution, there can be no doubt that they are mandatory. 'A clause is directory when the provision contains mere matter of direction and no more; but not so when followed by words of positive prohibition.' Bladen v. Philadelphia, 60 Pa. St., 466; Pearse v. Morrice, 2 Ad. & El., 96. Prohibitory words can rarely if ever be directory. There is but one way to obey the command *'thou shalt not,'* which is to abstain altogether from doing the act forbidden."

Tested by the above rule, we think that the requirements of the

Act under discussion as to the character of the ballots to be used are mandatory; and, treating the allegations of the petition to be true, as we must as against the demurrer and exceptions, it stated a good cause of action, and the action of the court in sustaining the demurrer and special exceptions was error for which the judgment of the court below must be reversed and the cause remanded.

*Reversed and remanded.*