TUNTLAND, Appellant, v. NOBLE, Mayor et al., Respondents.
(138 N. W. 291.)

1. **Assignment of Error—Sufficiency—General Demurrer to Complaint.**

On appeal from a judgment sustaining a general demurrer to a complaint, an assignment of error assigning as error the sustaining of the demurrer is sufficient.

2. **Assignment of Error, Sufficiency of—Compared with Specification of Error.**

It is suggested, that a much more liberal rule should obtain relating to sufficiency of an assignment of error than to sufficiency of a specification of error. While the latter should be so explicit as to reveal the precise question presented to trial court, all that is necessary in an assignment of error is that it, taken in connection with brief and argument accompanying same, presents clearly the question urged on appeal. Dictum.

3. **Intoxicating Liquors—Form of License Ballot—Estoppel of Elector to Contest Election.**

Failure on part of an elector to object to the proposed form of ballot used at a liquor license election, does not estop him from contesting the election; such elector has not any affirmative duty devolving upon him of investigating the form of such ballot, as he need not vote at all at such election in order to assist in defeating license; the law requiring affirmative vote of a majority of all who vote at the election, to carry for license.

4. **Intoxicating Liquors—Local Option—Separate Ballot.**

Where the question of permitting sale of intoxicating liquors at retail was submitted on a ballot upon which was also submitted a proposed ordinance, that portion pertaining to the ordinance covering nearly the whole ballot; held, this form of ballot did not comply with statutory requirement that the ques-

tion of license shall be submitted on a separate ballot; the object of that requirement being not merely to separate such question from political questions involved in election of city officers, but to call voter's attention directly and specifically to the liquor question.

**5. Same—Form of Ballot—Mandatory or Directory?—"Essential Element" of Liquor License Election.**

The statutory requirement that the question whether intoxicating liquors shall be sold at retail shall be submitted on a separate ballot is mandatory, and non-compliance therewith renders an election on that question void; statutory requirements affecting the merits, or an essential element of the election, as this does, are mandatory.

Haney, J., dissenting.

(Opinion filed October 25, 1912.)

Appeal from Circuit Court, Turner County. Hon. ROBERT B. TRIPP, Judge.

Action by O. Tuntland against N. Noble, as Mayor of the City of Centerville, and others, to contest a city election involving the issuance of a license for sale of intoxicating liquors at retail. From a judgment sustaining a general demurrer to the complaint, plaintiff appeals. Reversed.

*Bogue & Bogue,* for Appellant.

The proposition to sell intoxicating liquors at retail was submitted to the electors of the said city of Centerville at the 1912 annual municipal election. It was not submitted upon a separate ballot, containing certain words, as required by section 2856 of the Revised Political Code and acts amendatory thereof, but was submitted upon a ballot containing a referended ordinance and at the bottom thereof in a manner that was confusing and misleading to every elector who voted thereon.

We contend that this is not a technical departure from the requirements of the statute, but that it is a material and gross departure, so material and so gross that the submission of the question is illegal and void. There has been no attempt, or pretended attempt, to comply with that provision of the statute. The question was submitted just as if said provision of the statute was void or had never existed. Section 2856 of the Political Code requires that the question shall be submitted upon a separate ballot conforming with the general election laws of the state upon

which (separate) ballot there shall be printed the words "Shall intoxicating liquors be sold at retail?"

We insist that none of the provisions of the said statute can be disregarded in the submission of the license question without invalidating the election. Every one of the said requirements of said statute must be complied with before a municipal board has the legal right to grant a permit to sell intoxicating liquors. We urge, therefore, that the board does not have jurisdiction to grant a permit to sell intoxicating liquors until all these provisions of the statute have been substantially complied with and the question submitted according to the spirit and intent of the statute. State ex rel. Cain et al. v. Toomey, (S. D.) 129 N. W. 563; Cyc. Vol. 23, pp. 95 to 101.

If the defect in submitting the question in this case had been a mere irregularity, not violating a plain, substantial requirement of the statute, we would concede that the election was valid, but since one of the material provisions of the statute was absolutely and wholly disregarded we insist that the election is void. *If we hold that this provision of the law can be disregarded and the election still be valid, logically, we could disregard every other provision of the law with perfect immunity.*

The Legislature undoubtedly had in mind some well defined purpose in enacting this provision of the law. The purpose probably was to have this question submitted by itself to the electors so that it could not be confused and involved with other questions and issues, and the attention of the voters diverted from the license question to some other on the ballot with which it was submitted. It is a notorious fact that where a great many propositions are submitted to voters upon one ballot that may voters will overlook some of them entirely and give but little attention to others.

The courts have quite generally held that where an election officer fails to give the required number of days' notice of an election that that fact will invalidate the election. George v. Oxford Twp., 16 Kan. 72; Williams v. The Town of Robert, 88 Ill. 11; State ex rel. Weber v. Tucker, 32 Mo. App. 620; In re Woolridge, 30 Mo. App. 612; Bean v. Barton County Court, 33 Mo. App. 633; Leonard v. Saline County Court, 32 Mo. App. 633; Territory ex rel. Higgins v. Steele et al., 4 Dak. 78; King v.

State, 33 Tex. Cr. R., 547, 28 S. W. 201; Smith v. State, 19 Tex. App. 444; Matter of O'Hara, 71 N. Y. Supp. 613; Matter of Eggleston, 64 N. Y. Supp. 471.

Where statutes direct election officers to give notice by publication in a newspaper, its direction as to the number of insertions and the length of time the notice must continue are mandatory, and their due observance is essential to the validity of the election. State v. Kampman, 75 Mo. App. 188; In re Lake, 26 U. C. C. P. 173; State v. Kaufman, 45 Mo. App. 656.

Where a particular day for holding a local option election is fixed by the statute or by the authorities ordering it, it is void if held on any other day. Loughran v. Hickory, 129 N. C. 281, 40 S. E. 46; Yates v. State, (Tex. Cr. App.) 59 S. W. 275; Grubs v. Griffin, 25 So. 663.

There are many instances reported in the decisions of our courts where mistakes of election officers make void a local option election. Gomez v. Timon, (Tex. Civ. App.) 128 S. W. 656; Conley v. Hardwick, 132 S. W. 140.

Under our own statute the burden is upon the party or parties who are seeking to secure the privilege of selling intoxicating liquors at retail to see that every provision of that statute is substantially complied with, and this burden remains upon the said parties throughout the entire proceedings.

Section 1889 of the Political Code provides a speedy method for the correction of any error in the preparation of a ballot. This remedy should have been pursued by the interested parties, who should have had the ballot corrected as required by law. One, therefore, seeking the privilege of having intoxicating liquors sold at retail must comply with all the conditions and regulations the Legislature may prescribe in order to obtain such privilege. Burke v. Collins et al., County Comm,, (S. D.) 99 N. W. 1112; Mugler v. Kansas, 123 U. S. 623, 31 L. Ed. 205.

That this provision of our statute requiring this question to be submitted upon a separate ballot is mandatory seems very clear from the language used. The statute says that it shall be submitted upon a separate ballot, etc., and also prescribes the very words which the separate ballot shall contain. The test of the mandatory character of a statute is quite clearly expressed in the case of Berry v. Hackney, (N. D.) 90 N. W. 483, where the court

said, "Where the aim and purpose of the law making power would be plainly defeated if the command to do the thing in a particular manner did not imply an inhibition to do it in any other, no doubt can be entertained as to the mandatory character of the statute." Parvin v. Wimburg, 130 Ind. 568, 30 N. E. 790, 15 L. R. A. 775; In re Rice, 95 App. Div. 28, 88 N. Y. S. 512; In re Smith, 89 N. Y. S. 1006; In re Munsen, 88 N. Y. S. 509; In re Gibson, 108 N. Y. S. 485; People v. Mosso, 63 N. Y. S. 588, 60 N. Y. S. 588; Connelley v. Hardwich, 132 S. W. 140.

Unless there has been a substantial compliance with the law there is no election. One of the essential requisites in submitting this question has been wholly disregarded, hence it cannot be said that the question was submitted to the people of the defendant city at all. Treat v. Morris et al., (S. D.) 127 N. W. 554; Bloedel v. Cromwell, (Minn.) 116 N. W. 947; Moody v. Davis, 13 S. D., 82 N. W. 40; Vallier v. Brakke, 7 S. D. 343, 64 N. W. 180; McKittrick v. Pardee, 8 S. D. 39; McMahon v. Pollock, 10 S. D. 296; State ex rel. Hogle v. Smith et al., (Ia.) 63 N. W. 453; People ex rel. Fuller v. Palmer, (Mich.) 51 N. W. 999; State v. Drake, 83 Wis. 257, 53 N. W. 495.

Appellant further contends that the ballot on which said question of the sale of intoxicating liquors at retail was submitted was misleading and confusing to the electors of said city, and that the vote as indicated by said ballot is not the true expression of the vote and is not the vote of the electors of the said city upon said question because of the unlawful, illegal, confusing and misleading manner in which it was submitted on said ballot.

*Gardner & Churchill,* for Respondents.

The law, relating to the sale of intoxicating liquor, was passed in 1897 (Session Laws 1897, Ch. 72), and in that law it was provided that the question should be submitted to the voters upon a separate ballot. It is very evident that the purpose of the Legislature, in requiring this question to be submitted upon a separate ballot ,was to make it a non-political question; to divorce it from all party issues and that it might not have the support or influence of any political party. This statute has been amended several times and in several respects but the provision as to the submission of this question on a separate ballot has remained the same as the original enactment. (Section 2856, Revised Political Code.)

Section 1886 Political Code provides for the printing of sample ballots and provides that the sample ballots shall be in the possession of the city auditor three days prior to the election and subject to inspection by the public.

Section 1989 Political Code provides that whenever it shall appear that a mistake has been made in the printing of the sample ballots, the error may be corrected by an application to the judge of the county court made in the manner provided by statute. If the ballots were not prepared to conform with the statutes it was the duty and privilege of the appellant to apply to the judge of the county court and have the ballot corrected.

Failing to do this they have waived their right to question the form of the ballot. Allen v. Glyn, 17 Colo. 388, 29 Pac. 670; Bowers v. Smith, 111 Mo. 45, 20 S. W. 101; State v. Farnham, (Mont.) 48 Pac. 1; Shuter v. Hogan, (Ill.) 48 N. E. 195; State v. Morris, (Nebr.) 55 N. W. 1086; People v. Board, etc., 94 N. Y. S. 966, 76 N. E. 1116; State v. Eliott, (Wash.) 48 Pac. 734.

Article 5, Political Code, being sections 1885-1902, provides for the supplying of ballots and makes it the duty of the proper officers to furnish the same to the election officers and by section 1902, latter clause of section, it is provided that in all questions submitted to the voters of a municipal corporation alone it shall be the duty of the municipal clerk or city auditor to provide the necessary ballots.

Section 1916, Political Code, provides that the judges in canvassing the votes shall endeavor to record the intention of the voter.

Section 1928, Political Code, provides that none but the official ballots shall be counted.

There is no statute in this state which expressly or in effect provided that ballots, not prepared in accordance with the statutory direction shall not be counted. All ballots, which are official ballots must be counted.

The well established rule of law is that a clause in a statute is directory when its provisions contain mere matters of direction but otherwise if followed by words of positive prohibition. Belden v. Philadelphia, 60 Pa. St. 466; Pearce v. Morris, 2 Ad. and El. 96.

The directions in this statute, in regard to the preparation of

the ballots are mandatory in the sense that the city auditor can be
compelled to correct them before election, but there being no pro-
hibitive words, the direction can have no application to the voter;
unless it is shown that he was a party to their violation or that
they affected the result of the election, and we contend that these
statutory directions are mere directions to the officers whose duty
it is to prepare and furnish the ballots to the electors, the voters
have nothing to do with this and if the officers make an error in
the performance of his duty it can not affect the electors, acting
in good faith, unless it appears that the result is affected thereby.

The only provisions of the statute of this state which are
mandatory are those which provide for the time and place of
holding elections; qualifications of voters and such other essential
prerequisites as are made essential to the validity of the election.
All of the other provisions are merely directory and a failure to
comply, by reason of ignorance, mistake or otherwise not amount-
ing to an actual fraud or affecting the result of the election does
not afford any grounds for avoiding the election. McCrane v. Nes
Perce County, 112 Pa. 312; Jones v. State, 55 N. E. 229; State
v. Bernholtz, 76 N. W. 662; Cope v. Caldwell, 93 S. W. 3; Erwin v.
Benton, 87 S. W. 291; Blackmer v. Hildreth, 63 N. E. 14; Thomas
v. Adsit, 74 N. W. 381; Horsefall v. Schoel, 128 S. W. 33; Att'y.
General v. Towne, 80 Atl. 116; People v. Wood, 42 N. E. 536;
Town v. Haskell, 104 Pac. 56; Short v. Gauger, 130 S. W. 267;
Earl v. Lewis, 77 Pac. 235; State v. Elwood, 12 Wis. 551; Smith
v. Harris, 18 Colo. 274; Allen v. Glynn, 17 Colo. 338; Schooler
v. Hogan, 168 Ill. 368; Cook v. Fisher, 100 Iowa, 27; Parvin v.
Wimberg, 130 Ind. 561; Lindstrom v. Board, 94 Mich. 467;
Bragden v. Navarra, 102 Mich. 529; State v. Norris, 37 Nebr. 299;
Miller v. Pennoyer, 23 Oregon, 364; Ter. ex rel. Giggins v. Steel,
23 N. W. 91 (D. T.); State ex rel. Little v. Langlie, 67 N. W.
958 (N. D.); Perry v. Hackney, 90 N. W. 483 (N. D.); Peabody
v. Burch, 89 Pac. 1016.

Statutes prescribing the dimensions of official ballots, the
quality and color of paper used, the character of the type and
color of the ink used in printing the ballots are directed to the
officers whose duty it is to prepare the ballots and it is held that
a violation of the law in any of these respects will not disfranchise

the voters who make use of the ballots supplied to them by the election officers. Kirk v. Rhodes, 46 Calif. 398; Kellogg v. Hickman, 21 Pac. 325.

Now if this court should conclude to hold that this provision of the statute is a mandatory one then we contend that we have strictly complied with the statute by placing this question on a ballot separate from the one containing the names of the candidates for office and when we have done this we have fully complied with the spirit and even the letter of the law as the only purpose of placing this question on a separate ballot was to make the question a non-political one and divorce it from any and all political or party influence or support and when we do this we have fully complied with the law.            ,

It has not been, neither will it be, contended that any fraud whatever was practiced by the election officers and we contend that where such mere irregularities, as appear in this case, are free from fraud and collusion and do not have the effect of changing the result or affecting the election in any way they will be ignored by the courts and the election will be held to be a legal election. Perry v. Hackney, 90 N. W. 483 (N. D.) ; McCrary on Elections, Secs. 706, 724; Altgelt v. Callaghan, 144 S. W. 1166.

Inasmuch as the statute does not provide that a failure to submit said question on a separate ballot shall render the election void, and no fraud being charged and it not being alleged that any elector was in fact misled, the election cannot be declared void. Murphy v. City of Spokane, (Wash.) 117 Pac. 476; Kunkle v. Colman, (Ind.) 92 N. E. 61; Brents v. Smith, (Ill.) 95 N. E. 484; State v. Miller, (Okla.) 96 Pac. 747; State v. Bunnell, (Wis.) 110 N. W. 177; 18 Cyc. 362; Altgelt v. Callahan, (Tex.) 144 S. W. 1166.

The statute does not fix or impose any duty upon the elector, but is a statute imposing a duty on an election officer, and his failure to properly perform such duty cannot have the effect of disfranchising the electors. State v. Millar, (Okla.) 96 Pac. 747; Brents v. Smith, (Ill.) 95 N. E. 484; State v. Bunnell, (Wis.) 110 N. W. 177; State v. Jones, (Ind.) 55 N. E. 229; Horsefall v. School, (Mo.) 128 S. W. 33; Town v. Haskell, (Okla.) 104 Pac. 56; Short v. Gauger, (Tex.) 130 S. W. 267; Altgelt v. Callahan, (Tex.) 144 S. W. 1166.

We cite the above authorities in addition to the authorities cited in the brief already filed herein, even at the risk of appearing to be prolix. Hersh v. Wood, 148 N. Y. 143; Thomas v.. Kent, 74 N. W. 381; Merrill v. Reed, (Conn.) 52 Atl. 409; Kulp v. Riley, (Tex.) 89 S. W. 957; Peabody v. Burch, (Kans.) 89 Pac. 1016.

Appellant's assignment of error is not sufficient to prevent any question to this court. Stevens v. Faus, 20 S. D. 367; Scanlan v. Rock, (S. D.) 125 N. W. 638; Hedlun v. Holy Terror, 16 S. D. 261; Schmidt v. Carpenter, (S. D.) 131 N. W. 723; State v. Cleveland, 23 S. D. 335.

The only assignment of error contained in appellant's abstract is as follows: "The court erred in the following particulars, to-wit: 1. In sustaining the demurrer to the notice of contest herein, and in entering judgment thereon." This assignment, we submit, is wholly insufficient and falls far short of performing the function of an assignment of error. Franz Falk Brewing Co. v. Mielenz, 37 N. W. 728.

WHITING, J. At the annual election in and for the city of Centerville, the question of permitting the sale of intoxicating liquors at retail was voted upon. The canvassing board declared the majority of the ballots to have been cast in favor of permitting such sale. Appellant brought this action in the circuit court to contest the result of said election as so declared, and, for grounds of contest, while admitting that the majority of the ballots as cast were in favor of the sale of liquor, alleged that all the ballots cast at such election were invalid, and should not have been counted, for the reason that the said question was submitted upon the same ballot upon which was submitted the question of the adoption of a city ordinance. A copy of the ballot used was attached to the contest petition and shows that it was some eight by fourteen inches in size, printed upon one side, and with most of the ballot covered by the printing of the proposed ordinance which occupied three ordinary columns on said ballot. At the foot of the third column was placed the usual question as to whether the ordinance should be passed, together with the words "Yes" and "No," and squares opposite each in which the voter might place his cross to designate his vote. Below the other two columns appeared the question "Shall intoxicating liquors be

sold at retail?" with the words "Yes" and "No" and like squares within which to designate one's vote upon the question of the sale of liquor. The complaint was demurred to upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and a judgment entered dismissing the contest. It is from the judgment and order sustaining the demurrer that this appeal is taken.

There is a special provision in the intoxicating liquor laws of this state directing that the question of the sale of liquor "shall be submitted upon a separate ballot." There is, however, no express provision of statute declaring that failure to follow such direction shall render the votes cast void or the election invalid. Appellant, however, contends that said provision is, from its very nature, mandatory, and that a failure to comply therewith renders void that part thereof relating to the sale of intoxicating liquors. Respondent in the case at bar contends: (1) That appellant has presented no sufficient assignment of error to raise the question urged. (2) That, inasmuch as the statute of this state provides that the city auditor shall prepare the ballots to be used at the election, and have the same at his office subject to inspection for the period of three days prior to the election, and an opportunity was thus given to those interested to ascertain the proposed form of ballot and to take steps, in accordance with other provisions of the statute, to have corrected any alleged errors in the form of ballots, appellant was estopped after election from questioning the ballot used. (3) That there was a substantial compliance with the statute inasmuch as all the statute contemplated was that the ballot upon which the question was submitted should be separate from that upon which appeared the names of the candidates for office. (4) That the ballots were valid because the statutory provision was merely directory, and a failure of the city auditor to follow such directions should not work the disfranchisement of the innocent voter, especially in view of the fact that it is not claimed that the result of the election was actually affected thereby.

[1] There is no merit in the claim that the assignment of error is insufficient. A demurrer was interposed. This demurrer was upon one ground only. The demurrer was sustained. Ap-

pellant assigns as error the sustaining of the demurrer. We cannot conceive where any uncertainty could arise as to the question sought to be raised.

[2] We might suggest that a much more liberal rule should obtain relating to the sufficiency of an assignment of error than to the sufficiency of a specification of error. While the latter should be so explicit as to reveal the precise question presented to the trial court for its determination, all that should be required in an assignment of error is that such assignment, taken in connection with the brief and argument accompanying same, present clearly the question urged upon appeal.

[3] There is in this state no statue providing that a failure to object to the form of a ballot prior to election shall estop one from questioning such ballot after election. Without in any manner intimating our views upon what might be the effect of such neglect in the case of the ordinary ballot used upon the election of public officers, we are clear that any failure to object to the form of a ballot prepared for use in submitting the question of the sale of intoxicating liquors cannot estop an interested party from contesting the election upon the ground that the ballots used thereat were invalid. It must be borne in mind that in this state we have prohibition with local option license, thus throwing upon those desiring the sale of liquors the burden of initiating the proceedings leading up to election (State ex rel. Crothers et al. v. Barber, 19 S. D. 1, 101 N. W. 1078), also, that it takes an affirmative vote of a majority of all who vote at the election, and not a mere majority of those voting upon this question, to carry the election in favor of licensing the sale of intoxicating liquors (State ex rel. Clark v. Stakke, 22 S. D. 228, 117 N. W. 129; Id., 22 S. D. 451, 118 N. W. 703). The voter who opposes the granting of license need not vote upon the license question at all in order to assist in the defeat of license. If he votes for some candidate for office, thus becoming enrolled as a voter at such election, he is counted as effectually against license, when he neglects to vote on that question, as when he casts a ballot against it. It follows that there is not, at any stage of the election proceedings, any affirmative duty, relating to the license question, devolving upon the elector who opposes the granting of license. He certainly can lose no right or advantage through any defect in the ballot used

upon the submission of this question, and it is therefore not for him to investigate the form of ballot that has been prepared for use, and he can lose no right through his failure to investigate.

[4] Respondents urge that the only reason why the statute requires this question to be submitted upon a separate ballot is in order that it may be separated from the political questions arising in connection with the election of municipal officers; that the statute did not contemplate any more than a ballot separate from the ballot used for election of officers; that there was therefore a substantial compliance with the statute, and at least a compliance with the spirit of the law. There would be some merit in respondents' argument if they had not started from the wrong premise. The use of the separate ballot was clearly not for the purpose of separating this question from politics. Common experience would teach any member of the Legislature that he could not, in any degree whatsoever, by mere use of separate ballots, accomplish the separation of this question from other matters to be voted upon at the same election. There is one thing, however, that can be accomplished by the use of a separate ballot, and that is the calling of the voter's attention directly and specifically to the question submitted thereon. This was clearly what was sought in the enactment of the statute requiring the separate ballot. It follows that the submission of this question in connection with a long ordinance, especially in the form in which the ballot was printed, was, if possible, even more in conflict with the spirit of the law than would have been its submission upon the ballot used for election of officers; and it certainly was in utter disregard of the letter of our law.

[5] The final contention of respondents raises a question of the highest importance, as the principles of law involved are far reaching in their application to elections. It is only their importance that warrants our doing more then referring to the opinion of this court in Hughes v. Hill et al., 138 N. W. 290, decided at this term. The failure to provide the proper ballot was the fault of a public officer. There was no allegation that any voter was misled. No question of defective marking of ballots is before us. There is no dispute as to how the majority voted. The sole question, then, is whether or not the provision requiring a separate ballot is mandatory or merely directory. The follow-

ing statement of the law as given in the case of Horsefall et al. v. School District, etc., 143 Mo. App. 545, 128 S. W. 34, is that usually found in opinions and text-books: "We think it may now be said to be the established rule in this state, as it is generally in other jurisdictions, that, when a statute expressly declares any particular act to be essential to the validity of an election, then the act must be performed in the manner provided, or the election will be void; also, if the statute provides specifically that a ballot not in a prescribed form shall not be counted, then the provision is mandatory, and the courts will enforce it, but if the statute merely provides that certain things shall be done, and does not prescribe what results shall follow if these things are not done, then the provision is directory merely, and the final test as to the legality of either the election or the ballot is whether or not the voters have been given an opportunity to express, and have fairly expressed, their will." See, also, McGrane v. County, etc., 18 Idaho, 714, 112 Pac. 316, 32 L. R. A. (N. S.) 730, Ann. Cas. 1912A, 165; Short v. Gouger, (Tex. Civ. App.) 130 S. W. 267. What seems to us to be the true rule is laid down in the following from the opinion of the court in the case of Perry v. Hackney, 11 N. D. 154, 90 N. W. 485: "The statute under consideration is, then, not in terms mandatory; but it is well settled that the employment of express words is not always necessary to give it that character. 'Where the aim and purpose of the lawmaking power would be plainly defeated if the command to do the thing in a particular manner did not imply an inhibition to do it in any other, no doubt can be entertained as to the mandatory character of the statute.' 23 Am. & Eng. Enc. Law, pp. 453, 454, and cases cited. The proper test for distinguishing mandatory from directory provisions in election laws is well stated by the Supreme Court of Indiana in Parvin v. Wimberg, 130 Ind. 568, 30 N. E. 790, 15 L. R. A. 775, 30 Am. St. Rep. 254, as follows: 'If a statute expressly declares any particular act to be essential to the validity of an election, or that its omission shall render the election void, the courts, whose duty it is to enforce the law as they find it, must so hold, whether the particular act in question goes to the merits or affects the result of the election or not; for such a statute is mandatory, and the court cannot enter into the question of its policy. On the other hand, if a statute simply provides that cer-

tain things shall be done within a particular time or in a particular manner, and does not declare that their performance shall be essential to the validity of an election, *they will be regarded as mandatory if they affect the merits of the election, and as directory only if they do not affect its merits.'* " We also approve the following from the case of Jones v. State ex rel. Wilson, 153 Ind. 440, 55 N. E. 229: "All provisions of the election law are mandatory, if enforcement is sought before election in a direct proceeding for that purpose; but after election all should be held directory only, in support of the results, unless of a character to effect an obstruction to the free and intelligent casting of the vote or to the ascertainment of the result, *or unless the provisions affect an essential element of the election,* or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void."

Keeping in view the fact that the clear purpose of the statute was to call the attention of each and every voter to the specific question submitted to him, and to put it before him so that there could be no chance for him to confuse it with any other matter submitted at the election—in fact, that the purpose was to make the voting upon this question an election separate and distinct from any other election held at the same time and place—it becomes apparent that this provision of statute does "affect the merits of the election," that it does "affect an essential element of the election." This being true, a court will not investigate to ascertain whether or not the disregard of this "essential element" going as it does to "the merits of the election" did, in fact, in a given case affect the apparent result of the election. A case very similar in principle to this was that Gomez v. Timon et al. (Tex. Civ. App.) 128 S. W. 656. We quote from the syllabus. "Rev. St. art. 3388, as amended by Acts 31st Leg. c. 29, provides that votes at a local option election shall be by official ballot having printed or written at the top thereof the words 'official ballot,' which ballot shall have written or printed thereon the words 'for prohibition' and 'against prohibition.' It further provides that the voter shall be furnished by the presiding officer with one ballot, and shall not be permitted to depart with such ballot, and that those favoring prohibition shall erase the words 'against prohibition' and those opposing it shall erase 'for prohibition," and none

but official ballots shall be received and counted. Held, that the provisions of the statute as to the character of the ballots used were mandatory so that a local option election was void where the ballots did not have the words 'official ballot' thereon, and in which two ballots were given to each voter marked respectively 'for prohibition,' and 'against prohibition,' the voters voting one of such ballots and retaining the other in their possession." It is very clear that the provision of the law declaring that none but the official ballot should be counted was not the controlling feature in this case. The ballots came from the proper officers and in fact were the "official ballots," but such ballots failed to comply with the provisions of the law in two respects; one of which, the having of the words "official ballot" thereon, might perhaps have been held merely directory, the other of which, the using of two ballots instead of one, went to an "essential element" of the law, and could not be disregarded whether it actually affected the result of the election or not.

The judgment of the trial court and order sustaining the demurrer are reversed.

HANEY, J., dissenting.