STATE ex rel. THEURER, Plaintiff, v. HEBERLEIN, Mayor, et al., Defendants.

(153 N. W. 897.)

(File No. 3818.    Opinion filed August 7, 1915.)

**Municipal    Corporations—Elections—Incorporation    Under    General Law—Ballot, Form of—Mandatory Statute.**

Pol. Code, Sec. 1170, as amended by Laws 1913, Ch. 125, authorizes any city existing under special charter or under commission, to become incorporated under the general law, upon petition of voters, etc., and for submission of the question. Sec. 1172 provides that the ballots shall be in the following form: "For city organization under general law," or "against city organization under general law." A ballot at a special election to determine whether the city should incorporate was in the following form: "Shall the city of * * * be incorporated under article 1 of chapter 14, of the Revised Code of 1903, as amended by chapter 125 of the Session Laws of 1913, * * * ?" and was to be answered "Yes" or "No." **Held,** that the statute, as to form of ballot, was mandatory, and that the form used so departed from the statute as to vitiate the vote taken at said election; that the statute provides for submission of two separate questions upon the same ballot, with an answer for each, while the form used submitted but one question with two separate answers; nor did it submit the question prescribed by statute at all.

Gates, and Whiting, J. J., dissenting.

Original petition in the Supreme Court by the State, on the relation of E. E. Theurer, against W. J. Heberlein, as Mayor of the City of Wessington Springs, and others, for a writ of mandamus to compel the city commission to canvass and declare the result of a special election to determine whether or not the city would incorporate under the general law.    Writ denied.

*Null & Royhl,* for Plaintiff.

*Alden Cutler,* and *Gamble, Wagner & Danforth,* for Defendants.

Defendants cited: Pol. Code, Secs. 1170, 1171, 1172, 1292; Tuntland v. Noble, 30 S. D. 145; Hughes v. Hill, 30 S. D. 255; Talcott v. Philbrook, 10 L. R. A. 150.

POLLEY, J.  On the 20th day of April, 1915, the city of Wessington Springs, a city existing under the commission form of government, pursuant to a resolution and notice to that effect, held a special election to determine whether or not the city would

incorporate under the general law of the state for the incorpora-
tion of cities. At such election, a large majority of those voting
voted in the affirmative, but the city commission declared said
election to be null and void, and refused to canvass said vote or
to declare the result thereof, for the reasons, as stated in a resolu-
tion adopted by said commission on the 23d day of April, 1915:

"That, owing to improper election notice and illegal form of
ballot, the election with reference to change of city government be
declared null and void."

Thereupon the relator petitioned this court for a writ of man-
damus directing the said city commission to canvass and declare
the result of said special election, and, in case they found a ma-
jority of the voters at said election had voted in the affirmative,
to call a special election for the purpose of electing city alder-
men and city officers for said city to serve until the next annual
election. Section 1170, Pol. Code, as amended by chapter 125,
Laws 1913, reads as follows:

"Any city now existing in this state under a special charter,
or incorporated as a city under commission, may become incor-
porated under this article in the manner following: Whenever
one-eighth of the legal voters of such city voting at the last pre-
ceding municipal election shall petition the mayor and council
thereof to submit the question as to whether such city shall be-
come incorporated under this article to a vote of the electors of
such city, it shall be the duty of such mayor and council to sub-
mit such question accordingly, within thirty (30) days after the
filing of such petition, and to appoint a time and place or places
at which such vote may be taken, and to designate the persons
who shall act as judges at such election; but such question shall
not be submitted oftener than once in each year."

And section 1172 reads as follows:

"The ballots to be used at such election shall be in the fol-
lowing form: 'For city organization under general law,' or
'against city organization under general law.' The judges of
such election shall make returns * * * and cause the result
of such canvass to be entered upon the records of such city.
If a majority of the votes cast at such election shall be for city
organization under general law, such city shall thenceforth be
deemed to be organized under this article; and the city officers

then in office shall thereupon exercise the powers conferred upon like officers in this article until their successors shall be elected and qualified."

The ballot used at said election was in the following form:

[ ] YES   "Shall the city of Wessington Springs, South Dakota, be incorporated under article 1 of chapter 14,
[ ] NO    of the Revised Code of 1903, as amended by chapter 125 of the Session Laws of 1913, of the state of South Dakota?

The question, then, to be determined is: Was the form of the ballot used a substantial compliance with the form required by the provisions of section 1172?

It is contended by defendants that, under the principles announced by this court in Tuntland v. Noble, 30 S. D. 145, 138 N. W. 291, Ann. Cas. 1915A, 1004, the failure to comply with the provisions of the statute in the wording of the ballots was a failure to comply with a mandatory provision of such statute and rendered such election void; that where there is no express provision of the statute declaring that the election shall be void, provided the ballots are not in the proper form prescribed by the statute, then the tests whether such statute is mandatory or not are those quoted by us, with approval, in Tuntland v. Noble, supra:

"If a statute simply provides that certain things shall be done within a particular time or in a particular manner, and does not declare that their performance shall be essential to the validity of an election, *they will be regarded as mandatory if they affect the merits of the election, and as directory only if they do not affect its merits.*"

Tested by this rule, can it fairly be said that the form in which the question was submitted at said special election was such a departure from the form prescribed by the statute that it vitiated the vote upon said question? We think it must be so held.

Where the Legislature requires an officer to do a particular act and prescribes the manner in which such act is to be performed, it is the duty of such officer to perform said act in the manner so prescribed; and it is not for said officer, nor this court, nor any one else, to say that the same result can be attained by some other method. If such were the rule, then it would be

optional with such officer to follow the form prescribed by the statute or to adopt some other that, in his judgment, might be more suitable; and, so long as it could be said that the result was the same, the statutory requirements as to form could be wholly disregarded.

But the defects in the ballot in this case is not a defect in form alone, but goes to the very substance of the ballot. The statute (section 1172) provides for the submission of two separate and distinct questions with a separate answer for each, but, in this case, the auditor submitted but a singe question with two separate answers. This would necessarily lead to confusion and tend to obstruct the voter in the expression of his choice; but the most confusing feature of the ballot in question (and it vitiated the notice of election as well as the ballot) is the fact that it did not submit the question prescribed by the statute at all. The questions prescribed by section 1172 are: "For city organization under general law," and "against city organization under general law." The question submitted was: Shall the city organize under "article 1 of chapter 14 of the Revised Code of 1903, as amended by chapter 125 of the Session Laws of 1913?" Now, whether article 1 of chapter 14, etc., constitutes the general law for the incorporation of cities or not, is a question which, without an examination of the statute, only one versed in the law could answer. Indeed, few lawyers could say, without consulting the statute, that article 1 of chapter 14, as amended by chapter 125, Sesison Laws of 1913, contains the general law for the incorporation of cities.

The election under consideration in this case is a special election and should be governed by the rule announced in Hughes v. Hill, 30 S. D. 255, 138 N. W. 290. It was there held that a local option election was a special election, and that the formality and regularity of such election must be tested by the terms of the statute under which it is held, and that there must be a strict compliance with the special provisions of the statute in regard to the form of the ballot used; that the form of the ballot was not one of the "minor irregularities" which would not vitiate the election, but was an essential, positive, and mandatory provision of the law which must be followed. In Tuntland v. Noble, supra, this court cited, with approval, the case of Gomez v. Timon (Tex.

Civ. App.) 128 S. W. 656, and, commenting on the decision in that case, said:

"The using of two ballots instead of one, went to an 'essential element' of the law, and could not be disregarded whether it actually affected the result of the election or not."

In the present case, the special statute required two distinct questions to be printed upon the same ballot, while the ballot used contained but one question, to which an affirmative or negative answer was demanded. Certainly the question submitted would be more confusing and less intelligible to the voter, if that were material, than would the two clear, distinct, and proper questions provided for by the statute authorizing the said special election.

We are of the opinion that the provision requiring that two separate and distinct questions should be printed upon the ballot is mandatory, and that the failure to submit the two questions, as required by said statute, rendered the election void, and that the writ should be denied.

GATES and WHITING, JJ., Dissenting.