

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

GROVER SELLERS
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Instruction
Department of Education
Austin, Texas

Dear Sir:

Opinion No. 0-7017
Re: Effect of tax reduction by
school district during school
year of 1943-1944, concerning
equalization aid under S.B.
167, Acts 1945, 49th Legislature.

Your recent communication to this department read as follows:

"Article 1, Section 2, Paragraph 2, of Senate
Bill 167 of the 49th Legislature, which is commonly
known as the Rural Aid Bill, provides 'No school dis-
trict will be eligible for aid under the provisions
of this Act which has reduced its tax rate within the
two years immediately preceding the year for which
aid is applied for hereunder.'

"We have on file in the State Department of
Education several applications for aid from school
district that are levying the same tax rate as they
levied last year, but it is a lesser tax rate than the
one which was levied the first year of the last bien-
nium. The reduction in the tax rate was made prior
to the time that the Act referred to above was written,
and rural aid was paid to the school district during the
last biennium on the tax rate as levied.

"Under the provisions of the Act quoted above,
is such a school district which reduced its tax rate
during the school year, 1943-44, eligible to receive
aid? May I call your attention to the fact that there
was no way for the school districts to know that an
act which their board took some two years ago would
affect them in securing aid under the provisions of
some future Rural Aid Bill when their maintenance tax
rate is a minimum of fifty cents."

In view of the negative language of S.B. 167, quoted by you in the first paragraph of your letter, the question submitted must be answered in the negative.

Statutory provisions affirmatively worded and providing for the time and place in which an act is to be done are usually directory. However, when such provisions are negatively worded or contain words restraining the doing of an act after a certain time, said provisions are mandatory. See City of Uvalde v. Burney, 145 S.W. 311; Gomez v. Timon, 128 S.W. 656; Markowsky, et al v. Newman, et al., (Sup. Ct.) 136 S.W. (2d) 808.

Whether such provision is wise or otherwise, is not for this department to determine. The Legislature is the public policy forming body of this State. Its acts, when not in conflict with our State Constitution, or our Federal Constitution, and the laws of Congress passed thereunder, are not for us to question, but must be upheld and enforced. "When the intent is plainly expressed in the language of a statute, it must be given effect without attempting to construe or interpret the law." 39 Tex. Jur., p. 168.

In our opinion No. 0-6768, a copy of which is hereto attached, we wrote as follows concerning Article 1, Section 2, Paragraphs 1 and 2 of S. B. 167, 49th Legislature:

"The foregoing provisions of Sec. 2 are plain and unambiguous. They must be complied with in order for any school district to be eligible for any type of aid. * * * This opinion applies only to local maintenance tax rates."

Since your inquiry concerns a portion of paragraph 2 of Section 2 of said Article 1, the foregoing quotation from our opinion No. 0-6768 is also applicable to the districts covered by your communication.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By s/L.H. Flewellen
L.H. Flewellen
Assistant

LHF:EP:wc

APPROVED JAN 31, 1946
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman