

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 8, 1948

Hon. L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Opinion No. V-713

Re: The authority of the
Department of Educa-
tion to accept appli-
cations for special
classes for exception-
al children when the
applications are not
filed within the stat-
utory period.

Dear Sir:

We quote from your request for opinion as follows:

"Section 2 of Article II of the law
providing special education for exception-
al children, Senate Bill 123, 50th Leg.,
Acts 1947 (Articles 2922-2 to 2922-8, V.C.
S., inclusive) provides, in part:

"'. . . that to be eligible for aid under
the provisions of this Act, the school dis-
trict establishing and maintaining special
classes for exceptional children must file
with the Division of Special Education in
the State Department of Education on or be-
fore September 1st of each school year, on
forms furnished by the State Department of
Education a tentative budget containing the
anticipated expenditures of such special
classes. On or before July 15th of each
school year, each School district maintain-
ing special classes for exceptional chil-
dren shall make a detailed, accurate finan-
cial record of all moneys paid out by it
for maintenance of these classes, and such
financial record shall be subject to the
approval of the State Superintendent of
Public Instruction. . .'

"One school district mailed its appli-
cation on September 2, and it was received
in this office on September 3; another dis-

trict mailed the application on September 3, and it was received on September 4; one was mailed on September 4 and received on September 7; one was mailed on September 9 and received on September 11; one was mailed on September 2 and received on September 4; and another was mailed on September 3 and received on September 7.

"Does the above provision of the law prohibit this office from accepting the applications as submitted?"

It is a general rule of statutory construction that statutory provisions which are affirmatively worded and merely set forth the time or mode for the proper or orderly conduct of business are not mandatory. Sutherland on Statutory Construction, page 1117, Section 612. City of Uvalde v. Burney, 145 S.W. 311; State v. Fox, 133 S.W.(2d) 987; Smith v. Morton I.S.D., 85 S.W.(2d) 853, at 858. The same, however, is not true where such provisions are negatively worded, or are followed by words of limitation showing that such time or mode is exclusive. Burney case, supra; Gomez v. Timon, 128 S. W. 656; Attorney General's Opinions Nos. O-5423, O-6141, construing Section 2 of Article II of H. B. 176, Acts 1943, appearing also in the State aid law, Acts 1947, H. B. 295.

Furthermore, in determining whether a statutory provision is mandatory or directory, the legislative intent, as ascertained from the consideration of the entire statute and its nature, its object, and consequences that would result from both constructions, should be considered. Sutherland, Statutory Construction, Section 611, at page 1114; State v. Fox, supra.

Applying these rules of statutory construction to Section 2 of Art. II of Article 2922-3 above quoted, we believe that the Legislature intended it as a directory statutory provision with respect to the time of making an application for aid for exceptional children containing a tentative budget showing the anticipated expenditures for such special classes. It contains no language of prohibition for filing the tentative-budget-application after the date named in the statute, such as we find in Section 2 of Article II of H. B. 295, Acts 1947. It is affirmatively worded. Indeed, the same provision requires that at a date later than the fixed

filing date, each school district seeking such aid shall make "a detailed, accurate financial record of all moneys paid out by it for maintenance of these classes" in order that it may be reimbursed for the difference in expenditures occasioned in this program. See Section 3 of Art. II, Article 2922-3.

Clearly, time is not the essence of the thing or purpose sought to be accomplished in the quoted Section 2 of the statute. Section 1 of Art. I of Article 2922-2 reads:

"It is the purpose of this Act to provide competent educational services for the exceptional children in Texas between and including the ages of six (6) and seventeen (17) for whom the regular school facilities are inadequate or not available."

The manifest reason for the fixing of the time for filing the tentative budget was for the purpose of securing the proper, orderly, and prompt conduct of business. It is directory with respect to time. Conceivably, it is designed to enable proper authorities to advise districts applying and eligible under the Act as to the extent of reimbursement they may reasonably expect from the appropriations made in Section 3 of Article V of said law, in the event said appropriation is not adequate to cover all applications made.

It is our opinion that you may accept the above mentioned applications which were filed after September 1.

## SUMMARY

Section 2 of Art. II of Article 2922-3, V. C. S., does not prohibit the Department of Education from accepting applications for aid for exceptional children after September 1st of the school year. In this regard the statute is directory and not mandatory.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

APPROVED:

*Price Daniel*
ATTORNEY GENERAL

CEO:mw